## WHEELER v. NATIONAL BANK.

Suit by a national bank upon a bill of exchange.  Defence, usury.  The bank, in discounting the bill, reserved a greater amount than was allowed for interest by the law of the State where it was situated.  There was no proof of the current rate of exchange.  *Held*, that the bank was entitled to recover.

ERROR to the Superior Court of the city of New York.

This suit was brought by the Union National Bank of Pittsburg, Pa., against George M. Wheeler, as indorser of two bills of exchange, one dated Jan. 20, 1871, for $10,000, and one dated March 8, 1871, for $5,000, drawn by Slack, superintendent of the Brady's Bend Iron Company, on and accepted by the treasurer of said company, pursuant to authority vested in him for that purpose, and payable sixty days after their respective dates at the American Exchange National Bank of New York.  The plaintiff discounted both bills for the benefit of the company : the first on the twenty-fourth day of January, 1871, and the second on the day of its date, — the company receiving the amount mentioned in the bills, less the sum of $246.

The rate of interest in Pennsylvania was six per cent per annum.

Said bills were duly protested for non-payment, and notice given to the defendant.  There was no proof of the rate of exchange when they were discounted.

There was a judgment in favor of the bank, which was affirmed by the Court of Appeals of the State of New York, and the record remitted to the inferior court.  Wheeler then brought the case here by a writ of error.

*Mr. Thomas M. Wheeler* for the plaintiff in error.
*Mr. Joseph M. Dixon*, contra.

MR. JUSTICE HARLAN delivered the opinion of the court.

The controlling question presented in this case for our determination involves the construction of the National Currency Act of June 3, 1864 (13 Stat. 108), which declares that "the knowingly taking, receiving, reserving, or charging a rate of interest greater" than that "allowed by the laws of the State or Territory where the bank is located," shall be "held and adjudged a forfeiture of the entire interest which the bill, note, or other evidence of debt carries with it, or which has been agreed to be paid thereon." The same section also declares: "But the purchase, discount, or sale of a *bona fide* bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest."

Wheeler, the plaintiff in error, was sued as indorser upon two bills of exchange, drawn at Brady's Bend, Pa., payable sixty days after date at the American Exchange Bank, in New York, and discounted by the Union National Bank of Pittsburg for the benefit of the Brady's Bend Iron Company, a corporation created under the laws of Pennsylvania. Wheeler claims that the bank, under the provisions of the statute, forfeited the entire interest which the bills carried, or which was agreed to be paid. This claim was denied: first, in the Superior Court for the city and county of New York, where this action was commenced; and, subsequently, in the Court of Appeals of that State.

No question having been raised as to the *bona fide* character of the bills, the bank had, by the express words of the statute, the right to charge and receive the current rate of exchange for sight drafts, in addition to interest at the rate of six per cent per annum, which is the rate fixed by general statute in the State of Pennsylvania. But, upon examining the special finding of facts upon which the State court based its judgment, we discover no evidence of the current rate of exchange at the date

of discount. That exchange was, in fact, charged cannot be gainsaid by Wheeler, since he avers, in his answer, that the bills were discounted under an usurious agreement that the bank should receive, in addition to certain interest in excess of the statutory rate, commissions or exchange of one-quarter of one per cent. No such agreement was, however, proven. Indeed, the record furnishes no evidence of any distinct agreement, either as to the amount of interest or exchange to be reserved by the bank upon discounting the bills. Nothing seems to have been said at the time of discount as to the amount to be reserved by way of interest or upon the subject of exchange, and the court refused, upon the request of Wheeler, to find it as a fact in the case, that "no exchange was charged." While it may be inferred that exchange was charged by the bank, we are uninformed by the record whether it exceeded the current rate for sight drafts.

The statute should be liberally construed to effect the ends for which it was passed; but a forfeiture under its provisions should not be declared, unless the facts upon which it must rest are clearly established. It should appear affirmatively that the bank knowingly received or reserved an amount in excess of the statutory rate of interest, and the current exchange for sight drafts. There is no proof of the rate of exchange; and, since the courts uniformly incline against the declaration of a forfeiture, the party seeking such declaration should be held to make convincing proof of every fact essential to forfeiture.

It is unnecessary to consider any other question in the case.

*Judgment affirmed.*