CASE 23—PETITION ORDINARY—JANUARY 22.

# Henderson National Bank v. Alves, Assignee, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. NATIONAL BANKS—TAKING OF USURY—JURISDICTION OF STATE COURTS.—The State court has jurisdiction of an action against a national bank under section 5198 of the Revised Statutes of the United States to recover the penalty for taking usurious interest, as the remedy given by the statute is by private civil action of debt to the party aggrieved, and it is expressly provided that it may be sought in the State court. If the consent of the State Legislature is necessary to the exercise of jurisdiction by the State court, such consent must be implied.

2. AN ASSIGNEE FOR THE BENEFIT OF CREDITORS MAY MAINTAIN SUCH AN ACTION, he being included by the term "legal representative," as used in the statute.

3. THE CRITERION OF RECOVERY IN SUCH A CASE is twice the amount of the interest paid, and not merely the excess of interest above the legal rate.

4. THE LIMITATION OF TWO YEARS prescribed by the statute, within

Henderson National Bank v. Alves, Assignee, &c.

which an action may be commenced, begins to run "from the time the usurious transaction occurred," which, in this case, was at the date of the note, and not at the time of payment.

5. PLEADING.—It was not necessary for the plaintiff to state in his petition under what statute the penalty had been incurred, as there was no right to recover except under the statute creating defendant as a corporation, and fixing liability for taking usury.

6. SAME.—The plaintiff is not entitled to recover in such an action unless he alleges in his petition that the taking or charging of usury was "knowingly" done.

MALCOM YEAMAN FOR APPELLANT.

1. If a plaintiff wishes to waive his common law remedy for the recovery of usury, and rely upon the action given by section 5198 of the Revised Statutes of the United States, he should declare upon that statute. (Bell v. Morris, 79 Ky., 48; Judy v. Howard, 2 Met., 46.)

2. The petition is fatally defective in failing to allege that the usurious interest was knowingly taken.    (Schuyler National Bank v. Bolling, 40 N. W. Rep., 411.)

3. As the statute gives the right of action to the *legal* representative, and an assignee for creditors is not a *legal* representative, the appellee has not the capacity to sue.

4. The penalty is not twice the whole interest, but merely twice the excess over the legal rate. Penal statutes are to be strictly construed. (Hinterminster v. First National Bank, 64 N. Y., 212; Brown v. Second National Bank, 72 Pa. St., 209; National Bank v. Johnson, 104 U. S., 272; National Bank v. Deering, 91 U. S., 35.)

5. The statute sought to be enforced by this action is a *penal federal* statute.  (Bank v. Deering, 91 U. S., 35; Johnson v. Utley, 79 Ky., 72; Tiffany v. National Bank, 18 Wall, 410; Barnet v. National Bank, 88 U. S., 558; Newal v. National Bank, 12 Bush, 59.)

Therefore, the courts of this State will not assume jurisdiction. (Telegraph Co. v. First National Bank, 74 Ill., 217; United States v. Lathrop, 17 Johnson, 4; Haney v. Sharp. 1 Dana, 442.)

Congress can not confer jurisdiction upon a State court.    (Kent's Comm., Lecture 18; Story's Comm., sec. 1756; Martin v. Hunter, 1 Wheat., 559; Houston v. Moore, 5 Wheat.. 27.)

6. The transaction, as conducted in this case, was simply a payment of interest in advance.    (2 Parsons on Contracts, 408.)

YEAMAN & LOCKETT OF COUNSEL FOR APPELLANT.

JOHN YOUNG BROWN FOR APPELLEES.

1. An assignee for the benefit of creditors is a *legal* representative within the meaning of section 5198 of the Revised Statutes of the United

States.   (Barbour, Receiver, v. National Exchange Bank, 12 N. E.
Rep., pp. 6, 7; 9 S. W. Rep., 504; Crocker, Assignee, v. First Na-
tional Bank of Chetopa, 3 Cent. L. J., p. 527; Civil Code of Practice,
sec. 21.)

2. The State courts have jurisdiction.   (Barnett v. Bank, 98 U. S., 212;
Claflin v. Housman, 93 U. S., 130; Ordway v. National Bank of Bal-
timore, 47 Md., 217; s. c. 28 Am. Rep., 455; Dow v. Irasburg National
Bank of Orleans, 50 Vt., 112; s. c., 28 Am. Rep., 493; Gruber v. First
National Bank, 19 A. L. J., 137; s. c. 30 Am. Rep., 343; Blitz v.
Columbia National Bank, 18 A. L. J., 231; Pickett v. Merchants'
National Bank of Memphis, 32 Ark., 346; Lynch v. Merchants' Na-
tional Bank, 22 W. Va., 554; s. c., 46 Am. Rep., 520; Hade v. McVay,
31 Ohio St., 231; Morgan v. Dudley, 18 B. M., 714.)

This action, though not in name an action of debt, is such in its
nature.  (Avery v. Commonwealth, 14 Bush, 628.)

3. It was not necessary that plaintiff should indicate the statute on which
his action was founded.  (Powers v. Commonwealth, 90 Ky.)

4. The measure of recovery is twice the whole amount of interest paid,
and not merely twice the excess over the legal rate.  (Crocker, As-
signee, v. First National Bank of Chetopa, 3 Cent. L. J., 527; Na-
tional Bank of Madison v. Davis, 6 Cent. L. J., 106; Hill v. National
Bank of Bane, 15 Fed. Rep., 432; Bank v. Davis, 8 Bliss, 100; Bank
v. Moore, 2 Bond, 174; Bank v. Karmany, 12 Rep., 540; Oates v.
Bank, 100 U. S., 239.)

5. The interest was paid at the maturity of the several notes, and limita-
tion runs from that time.   (Carpenter v. National Bank of Rahway,
11 Atl. Rep., 478.)

J. F. CLAY E. G. SEBREE, JR., OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By section 5197, Revised Statutes of the United
States, it is, in substance, provided that any banking
association organized under act of Congress may take,
receive, reserve or charge on any loan or discount
made, or upon any note, bill of exchange, or other
evidence of debt, interest at the rate allowed by the
laws of the State   *   *   where the bank is located,
and no more.   Section 5198 is as follows: "The tak-
ing, receiving, reserving or charging a rate of interest
greater than is allowed by the preceding section, when

knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred; that suits, actions and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases."

This action was brought October, 1886, by Rutlinger & Eisfelder, suing for use of W. S. Alves, their assignee, and by the latter suing for himself as assignee, to recover of Henderson National Bank judgment for twice the amount of interest alleged to have been paid at the rate of eight per cent. per annum, on divers notes for borrowed money described in the petition; and judgment having been rendered for part of the amount sued for, defendants have appealed, plaintiffs prosecuting a cross-appeal.

To the petition were filed special demurrers, that the plaintiff, W. S. Alves, as assignee, has not legal capacity to sue, and that the court has no jurisdiction of the subject of the action; and also a general demurrer.

1. It seems to us the term "legal representative," used in the statute, comprehends an assignee under a deed of trust for benefit of creditors, such as Alves is, and the action might have been maintained, if at all, by him alone, for he is entitled, in his represent- ative capacity, to what may be recovered.

2. The question of jurisdiction of State courts of cases like this has never been directly presented to or decided by this court.

In Haney v. Sharp, 1 Dana, 441, decided in 1833, a warrant was issued against the defendant for a pen- alty denounced by an act of Congress for refusal to give to the marshal a list of his family when required to do so for completing the fifth census; and on ap- peal from the judgment against him this court used the following language : "The courts of this State, deriving their jurisdiction, as they do, from the au- thority of the State, can not take cognizance of a penal case arising under an act of Congress, unless some law of this Commonwealth had given the right to do so, and the general government had, by an act of Congress, also consented. In such case as this, no tribunal of the State has an inherent concurrent ju- risdiction; and, therefore, without such co-operative legislation as that just suggested, the jurisdiction of the courts of the federal government must necessarily be exclusive, and whether any Legislature could con- fer jurisdiction in such cases on State courts depends upon the proper construction of the federal and State Constitutions, which we will not now consider."

The liability incurred in that case was in the nature of a fine or penalty for violation of a general law, by

which the public was affected, but that did not directly injure or affect private rights at all, and the proceeding was strictly penal in its nature and result. But the reciprocal power of Congress to confer, and of the Commonwealth to accept or confirm, jurisdiction of State courts was not denied even then. But as said in Ordway v. Central National Bank, 47 Md., 217, a case like this, and where the same question of jurisdiction was decided: "In this case the cause of action is a forfeiture, a penalty of a civil nature, for the exacting and taking of usurious interest upon money loaned, and the remedy given by the statute is by private civil action of debt to the party grieved. The government or the public is not concerned in it. It is, therefore, a private right pursued by a private civil action."

In Blitz v. Columbia National Bank, 87 Pa. St., 87, it was held that the form of the action being within the jurisdiction of the State court, the right claimed in this form being private, belonging to the borrower alone, it is immaterial whether the source of the right is a State or federal law; and to the same effect is Hade v. McVey, &c., 31 Ohio St., 231. In fact, such seems to be the general current of decisions on the subject. In Claflin v. Houseman, 93 U. S., 131, in discussing the relation of federal and State governments, the Supreme Court say: "The laws of the United States and laws in the several States are just as much binding on the citizens and courts thereof as the State laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and within its jurisdiction, paramount sov-

ereignty. Every citizen of a State is a subject of two distinct sovereignties, having concurrent jurisdiction in the State—concurrent as to place and persons, though distinct as to subject-matter. Legal or equitable rights acquired under either system of laws may be enforced in any court of either sovereignty competent to hear and determine such kind of rights, and not restrained by its Constitution in the exercise of such jurisdiction. Thus a legal or equitable right acquired under State laws may be prosecuted in the State courts, and also, if the parties reside in different States, in the federal courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts, or in the State courts competent to decide rights of the like character and class; subject, however, to this qualification, that where a right arises under the law of the United States, Congress may, if it see fit, give to the federal courts exclusive jurisdiction. * * If an act of Congress gives a penalty to a party aggrieved without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in the State court. The fact that a State court derives its existence and functions from State laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the State as it is to recognize the State laws."

Whether, if the statute under which this action is brought was criminal or strictly penal in its nature, consent of the State Legislature would be necessary

to exercise of jurisdiction by State courts is immaterial. The infraction of the statute affects alone private rights, and the complaint must be by a private citizen seeking a remedy against another citizen or corporation expressly given by the statute, and which can be obtained in many cases, this being one, alone in a State court; for, under operation of the statute in question, not only is the right to seek the remedy in State courts expressly given, but it can in this case, and others like it, on account of the amount involved, be obtained nowhere else. Moreover, a banking association created by the statute can unquestionably make complaint, and obtain complete redress in a State court against a debtor or other person dealing with it who has in any way infringed its rights existing in virtue of the statute, and it would be a strange interpretation to decide that such debtor may not seek and obtain in the same tribunal such redress or grievance as the statute affords him against the bank. It seems to us as the right to maintain such action is a legal and enforceable one, and jurisdiction is expressly given to State courts by the statute, consent of the State Legislature to exercise of it, even if necessary, must be implied.

3. The criterion of recovery in such case is, we think, in the unambiguous language of the statute, "twice the amount of the interest thus paid;" for if it had been the intention to limit recovery to excess of interest above the legal rate, which is six per cent, terms would have been used describing the amount recoverable as such excess, or as the usury paid and received.

4. We also think that the limitation of two years

prescribed by the statute within which an action may be commenced begins to run, in the language of the statute, "from the time the usurious transaction occurred," which appears to have been, in each instance, mentioned in appellees' petition at the dates, and not times of payment, of the several notes. Consequently the lower court properly excluded recovery in each case where the transaction had occurred more than two years before commencement of the action.

5. One ground of demurrer is failure of appellee to state in the petition under what statute the penalty had been incurred and right of action therefor had accrued, and Bell v. Norris, 79 Ky., 48, is cited to support the demurrer. But in this case, unlike that, there is no right of alternative recovery, nor any right to recover at all, except under the statute creating appellant as a corporation, and fixing liability for taking or receiving usury.

6. But the statute makes a banking association liable for the penalty sued for in this action only where "the taking, receiving, reserving or charging a rate of interest greater than is allowed" thereby be *knowingly done;* and as the petition does not contain this allegation, which we regard indispensable, the general demurrer ought to have been sustained for that reason. It, however, appears the cashier of the bank stated as a witness, and the court found as a fact, trial by jury having been waived, that the excess of interest was taken and received by appellee knowingly. But we think the defect of the petition was not cured thereby, because, in absence of the allegation mentioned, there was no cause of action stated,

and a general demurrer having been filed, no judgment could be properly rendered without amending the petition.

We have considered and determined the other questions presented and argued, notwithstanding that defect of the petition. Wherefore, for that reason, the judgment is reversed on the appeal, and the cause remanded for further proceedings consistent with this opinion, which may include an amendment to the petition. and is affirmed on the cross-appeal.