THE FIRST NATIONAL BANK OF CONCORDIA v. GEORGE ROWLEY.

NATIONAL BANK — *Penalty for Usury — Recovery.* Under the Revised Statutes of the United States, § 5198, which authorizes the person paying usurious interest to a national bank to recover twice the amount paid, one of the joint makers of a note on which illegal interest is charged cannot recover the penalty from the bank, where the illegal interest was paid by the other maker.

*Error from Cloud District Court.*

ACTION to recover double the amount of the illegal interest paid upon a loan made by the *Bank*. The cause was submitted to the court without a jury, and upon the evidence adduced the following findings of fact were made:

"1. That the defendant is a corporation organized as a national bank under the laws of the United States.

"2. On the 8th day of February, 1886, the defendant loaned to the plaintiff $300, taking a note for $375, signed by the plaintiff and F. F. Groves, due in one year.

"3. On January 31, 1887, said F. F. Groves, for and at the request of the plaintiff, paid to said defendant on said note $50, and when said note fell due said Groves, for and at the request of said plaintiff, paid the defendant $25.

"4. A few days thereafter, in payment of said note and on renewal or extension of the debt, defendant took a new note, signed by plaintiff, F. F. Groves, and Christ Beckman, for $358, due in eight months.

"5. When the last note fell due, said F. F. Groves, for and at the request of the plaintiff, paid thereon $358 to defendant.

"6. Fifty cents was included in each of said notes to pay for making and filing chattel mortgage given to secure said notes.

"7. One hundred and thirty-two dollars was charged and received by defendant as interest on said debt, and such interest was usurious.

"8. All of said payments were made by said F. F. Groves out of his own money.

"9. The defendant did not know or have any information that said payments were made for the plaintiff, George Rowley, any further than they were made on said note."

As a conclusion of law upon these facts, the court found that the plaintiff was entitled to recover from the defendant $264 and costs. The defendant moved the court for judgment upon the findings, which motion was by the court overruled, to which ruling defendant excepted. The *Bank* brings the case to this court.

*Theo. Laing,* for plaintiff in error:

The facts found by the court show that F. F. Groves, one of the joint makers of the note, is the person who paid the illegal interest, and not George Rowley; and that he paid it out of his own money. One joint maker of a note cannot recover the penalty for illegal interest paid by another maker. *Timberlake v. National Bank,* 43 Fed. Rep. 231. Groves could, by suit, recover the penalty from the bank. He did not lose his right because he paid the money at Rowley's request. If he could recover the penalty, Rowley could not. The transaction did not constitute a contract. *Fraker v. Cullum,* 24 Kas. 679.

*Kennett, Peck & Matson,* for defendant in error:

Counsel for plaintiff in error claims that because Groves used his own money in paying the bank he could not be Rowley's agent. The fact that the agent is also surety upon the note can make no difference; he pays for his principal and at his request; and the real question is, can this kind of an action be maintained unless the principal appears in person and makes the payment with his own hand? Groves cannot maintain this action, first, because he never paid the money for himself, and, second, because he has lost nothing whatever. Rowley having paid him the money, he (Groves) paid the bank.

The theory upon which usury laws have been enacted, and the principle which governs in their interpretation, is, that the borrower is at the mercy of the lender. They are designed for the protection of the borrower. That this was the view taken by congress in forbidding usury by national banks, there can be no doubt. The plain duty of the courts, then, is to construe the national-bank usury law so as to effect the object which congress had in enacting it. See *Oates v. National Bank,* 10 Otto, 244. See, also, *National Bank v. Dearing,* 1 id. 35; *Crocker v. National Bank,* 4 Dill. 358; *Barrett v. National Bank,* 20 Cent. L. J. 133.

On the proposition that all statutes similar to the national-bank usury law are remedial and should be liberally construed, see *Gray v. Bennett*, 3 Met. 522; *Stanley v. Wharton*, 9 Prince, 301; *Reed v. Inhabitants of Northfield*, 13 Pick. 94; *Brandon v. Pate*, 2 H. B. 308; *Brandon v. Sands*, 2 Ves. Jr. 514.

The opinion of the court was delivered by

JOHNSTON, J.: Under the national-banking act, a national bank cannot charge a higher rate of interest than is allowed by the laws of the state where the bank is located; and if a greater rate of interest is knowingly charged and received, it operates as a forfeiture of the entire interest which the note or other evidence of debt carries with it.

"In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action in the nature of an action of debt twice the amount of interest thus paid from the association taking or receiving the same, providing such action is commenced within two years from the time the usurious transaction occurred." (Rev. Stat. U. S., § 5198.)

Rowley asks to have the penalty of these provisions enforced, and by their terms his right of recovery must be measured. The bank, having charged and collected usurious interest, has become liable for double the amount of the illegal interest that was paid. The liability, however, is to the person who paid it. The penalty can only be enforced in the manner and under the circumstances provided in the act of congress, which provides that the right of recovery rests only in "the person by whom it has been paid, or his legal representatives." From the evidence, it appears that Rowley and Groves were joint makers of the note upon which the illegal interest was charged and paid. While the loan was made to Rowley, both of them were liable upon the note, and the bank, at its option, might have brought an action against one or both of them. The court has found that Groves, and not Rowley, paid the illegal interest, and that the payments were made by Groves out of his own money. The money having

been paid by him, the liability arises in his favor, and no recovery can be had except by him or his legal representatives. The right of recovery is not affected by the fact that Rowley requested Groves to pay the debt and interest. Groves being jointly liable, and having used his own money in making the payment, it cannot be said that the payment was made by Rowley. It does not appear that Rowley has ever contributed the amount paid by Groves, nor any portion of the same. Under the facts of this case, a clear right of recovery is shown to be in Groves, and as he is not a party to this action, he would not be bound by any judgment that was given therein. The right of action is in the person by whom the money is paid, and it has been held, under the same statute, that the joint maker of a note on which illegal interest is charged cannot recover the penalty from the bank, where the illegal interest was paid by the other maker. (*Timberlake v. National Bank*, 43 Fed. Rep. 231.)

The judgment must therefore be reversed, and the cause remanded, with instructions to enter judgment in favor of the plaintiff in error.

All the Justices concurring.