CLARA W. TEAGUE AND MATILDA OBER V. THE FIRST NATIONAL BANK OF SALINA, KANSAS, AND DRUSILLA DAILY.

### No. 123.

1. USURY — *paid to national bank by joint obligors individually can be recovered by individuals only.* Under the Revised Statutes of the United States, section 5198, which authorizes the person paying usurious interest to a national bank to recover twice the amount paid, several of the joint makers of a note on which illegal interest is paid by such parties individually, cannot unite in one action to recover such penalty.

2. ———— *cause of action for, accrues to individual paying.* The statute confers upon the parties separate rights. That they have paid equal amounts cannot change the rule. The cause of action accrues to the one paying the unlawful interest, and to each one making such payments. There is no cause of action to the makers of the note on which usurious interest is paid; the cause of action arises when the unlawful payment is made, and to each of the ones making such payments.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed March 22, 1897. *Affirmed*.

This action was instituted by the plaintiffs in error and Drusilla Daily to recover for usurious interest paid by them to the defendant in error. The plaintiffs below had at three different times borrowed of the Bank sums, aggregating about three thousand dollars, and given their joint notes for the amounts. These notes matured from time to time, ninety days from date. At the maturity of the notes each of the makers would pay from his separate funds one-third of the amount of interest, and then they would give their joint note for an extension. The rate of interest paid was twelve per cent. per annum. Upon the trial the court sustained a demurrer to the evidence of the plaintiffs below and they bring the case here.

*Mohler & Hiller*, and *J. B. Hutchinson*, for plaintiffs in error.

*Bond & Osborn*, and *T. F. Garver*, for defendant in error, the First National Bank of Salina.

McELROY, J. The determination of this case involves the examination of one question. Did the plaintiffs show such a joint interest in the subject-matter and relief demanded as to entitle them to maintain a joint action? Upon an examination of the evidence in this case, we find that the plaintiffs in error made no joint payment of interest; they had no common fund, and the several payments were made by each one individually from her individual money.

" In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal

302    TEAGUE V. FIRST NATIONAL BANK.

N. Dept.            Opinion.   McElroy, J.            5 Kan. App.

representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same ; provided such action is commenced within two years from the time the usurious transaction occurred. § 5198, Rev. Stat. U. S.

It will be observed that the penalty for illegal interest is recoverable only by the person by whom it has been paid, and the liability of the receiving bank is solely to such person. One of the joint makers of a note on which illegal interest is charged, cannot recover the penalty from the bank where the illegal interest was paid by the other maker. This question was decided by the Supreme Court of this State in *National Bank v. Rowley* (52 Kan. 394). Mr. Justice Johnston, delivering the opinion, said :

" The liability, however, is to the person who paid it. The penalty can only be enforced in the manner and under the circumstances provided in the act of Congress, which provided that the right of recovery rests only in ' the person by whom it has been paid, or his legal representatives.' From the evidence, it appears that Rowley and Groves were joint makers of the note upon which the illegal interest was charged and paid. While the loan was made to Rowley, both of them were liable upon the note, and the bank, at its option, might have brought an action against one or both of them. The court has found that Groves, and not Rowley, paid the illegal interest, and that the payments were made by Groves out of his own money. The money having been paid by him, the liability arises in his favor, and no recovery can be had except by him or his legal representatives."

Under the evidence in this case, showing separate payments, the statutes confers upon the parties separate rights ; that they may have paid equal amounts cannot change the rule. The cause of action accrues to the one paying the unlawful interest. That one

alone who makes the payment, or his legal representatives, can recover. There is no cause of action to the makers of the note on which usurious interest is paid. The cause of action arises when the unlawful payment is made and to the one making such payment. See *Durein v. Pontious,* 34 Kan. 353, and cases there cited.

The judgment of the trial court will be affirmed.