JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW J. KANE,
R. L. WILLIAMS,
} Justices.

MERCHANTS' & PLANTERS' NAT. BANK OF MILL
CREEK v. HORTON *et al.*

No. 747.    Opinion Filed January 10, 1911.

1.    USURY—Action to Recover Penalty—Parties. Two joint makers of a note to a national bank who have separately, but from a joint fund, paid usurious interest on the note, may jointly maintain an action to recover the penalty provided by section 5198 of U. S. Rev. Statutes.

2.    SAME—Burden of Proof—Knowingly Receiving. One who seeks to recover the penalty under said section has upon him the burden to establish that he has paid a greater amount of interest than the legal rate, and that the bank received said usurious amount knowingly.

3.    SAME—Instructions. It is error to instruct the jury that plaintiff is entitled to recover if the jury finds that plaintiff has paid a greater rate of interest than the legal rate and to refuse, upon request of defendant, to instruct the jury that it must find also that the usurious interest was knowingly received by defendant.

(Syllabus by the Court.)
Vol. 27—44

*Error from Johnston County Court; Nick Wolfe, Judge.*

Action by T. W. Horton and J. E. Horton against the Merchants' & Planters' National Bank of Mill Creek. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*S. C. Treadwell,* for plaintiff in error.

*John T. Young,* of counsel.

*P. H. B. Shearer* and *Garrett & Bingham,* for defendants in error.

HAYES, J. Defendants in error, T. W. Horton and J. E. Horton, hereafter referred to as plaintiffs, brought this action in the court below against plaintiff in error, hereafter referred to as the bank, to recover the sum of $35 as a penalty for the collection of usurious interest from plaintiffs. Eleven assignments of error are urged for reversal of the cause, but some of them are without sufficient merit to require consideration; and we shall notice only those that are likely to be of importance in the subsequent proceedings in this cause.

It is urged by the bank that there is a misjoinder of parties plaintiff. Section 5197, U. S. Rev. Statutes, authorizes any national bank to charge, take, receive, on any loan or discount interest at the rate allowed by the state, territory, or district where the bank is located, and no more. Section 5198 provides that:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided, such action is commenced within two years from the time the usurious transaction occurred."

Only the person paying the usurious interest is authorized by the foregoing statute to recover from the bank receiving same the penalty, provided by the statute. *Timberlake et al. v. First Nat.*

*Bank,* 43 Fed. 231; *First National Bank of Concordia v. Rowley,* 52 Kan. 394.

In the last cited case one of two joint makers of a note, on which usurious interest had been paid by the other joint maker, undertook to recover the penalty, but the court held that he was without any right of action. Plaintiffs in the case at bar are father and son. During the year 1907 they cultivated and planted a crop as partners. On the 20th day of May of that year they executed to the bank their joint note for $164, payable on the first day of October of the same year. They received thereon from the bank the sum of $150, which amount was afterwards divided equally between them. The note was not paid at maturity, but was subsequently paid. Full payment was not made at one time. Each of plaintiffs at different times made payments on the note. While the physical acts of payment were made by one or the other of them at a time, the money paid was the joint fund of plaintiffs, derived from the sale of their cotton before the proceeds of same had been divided between them. It is contended by counsel for the bank that each of plaintiffs must prosecute his separate action to recover the penalty for the usurious amount paid by him. In *Teague et al. v. First National Bank,* 5 Kan. App. 300, it was held that where several joint makers of a note pay individually illegal interest thereon, they cannot unite in one action to recover the penalty. In that case payments were made out of the individual funds of the parties. In *Alston et al. v. Orr,* 105 S. W. 234, it was held under a statute of Texas, very similar to the Federal Statute, that all the makers of a joint and several note are necessary parties to an action to recover the usurious interest paid, although payments upon the note were made individually by some of the makers and no payment whatever was made by another of the makers. The facts in the instant case distinguish it from either of the foregoing cases, which seem to support opposite rules; and it is not necessary for us to decide here which of the rules announced in those cases is the better rule. The fund used by plaintiffs in payment to the bank of the alleged usurious amount

was their joint fund, and the act of each in making the payment was the act of both; and, although by reason of previous arrangement between them and a subsequent settlement of their partnership accounts each contributed one-half toward ·the payment of the note, this does not change the character of the payment at the time it was made from a joint payment to a payment by them individually; and, having made a joint payment of the usurious amount, they have such a joint interest in the subject-matter and the relief demanded as to entitle them to maintain a joint action.

A motion by defendant for a peremptory instruction in its favor was overruled. In this we think the court committed error. The evidence is insufficient to establish that plaintiffs have paid and defendant has knowingly received an illegal amount of interest as alleged. This is an action under the second clause of section 5198, to recover the penalty when usurious interest has been paid, and not under the first clause, to forfeit the interest when a usurious rate has been contracted for. In order for plaintiffs to recover it is incumbent upon them to establish that they have paid a usurious amount of interest. *Brown v. Marion National Bank*, 169 U. S. 416; *Hall v. First National Bank of Fairfield*, 30 Neb. 99; *Talbot v. First National Bank of Sioux City*, 106 Iowa, 361. It is not sufficient to show only that a usurious rate was contracted for. The evidence discloses that the amount of the note in excess of the sum received by plaintiffs from the bank would constitute usurious interest for the time the note was to run, but the evidence also discloses that the note was not paid at maturity; and, while there is evidence tending to show that other payments for interest were made upon the note, and that plaintiffs paid, in all, as interest thereon the sum of $17.50, there is no evidence showing when these payments were made, or for what length of time plaintiffs had the use of the amount of money received by them on the note. The note on which was endorsed the dates of all payments was referred to in the evidence and presented for introduction as evidence; and there seems to have been no objection thereto; but if the same was ever read to the jury,

it is not·so disclosed by the record, and the record does not contain it. As the record now stands, the evidence establishes that plaintiffs have paid $17.50 as interest on $150, but for what length of time, the record does not disclose; and without doing so, it cannot be determined whether the amount of interest paid is usurious; the burden to establish which is upon plaintiffs.

By the second paragraph of its charge the court instructed the jury that 10 per cent was the highest rate that could be charged at the time the transaction was had, and that if the jury found plaintiffs had paid to defendants $17.50 or any other amount that was greater than 10 per cent. per annum, it would be justified and should return a verdict for plaintiffs for double the amount so found. To this instruction defendant objected, on the ground that it does not charge that defendant must have knowingly received the amount alleged to have been received by it as usurious interest, and requested the court to give an instruction charging the jury, in order for plaintiffs to recover, the burden was upon them to show that defendant knowingly received usurious interest. In giving the instruction objected to and refusing to give the instruction requested, the court also committed error. *First Nat. Bank of Mill Creek v. Ellis, infra; Wheeler v. Nat. Bank,* 96 U. S. 268.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded.

All the Justices concur.