## FIRST NATIONAL BANK OF SOPER v. BEECHER.

No. 7966—Opinion Filed Nov. 14, 1916.

Rehearing Denied Dec. 12, 1916.

(161 Pac. 327 )

1. Usury—Actions—Recovery.

To entitle plaintiff to recover under sec. 5198, U. S. Comp. St. 1901, for usurious interest paid, it must be shown by a preponder-

ance of the evidence "that the taking, receiving, reserving, or charging of interest greater than allowed by the preceding section, was knowingly done."

**2. Appeal and Error—Review—Harmless Error.**

An instruction of the court, directing a verdict to be rendered for the plaintiff in an amount in excess of the amount shown by the evidence, that the plaintiff is entitled to recover ,is prejudicial error.

**3. Appeal and Error—Determination—Reversal.**

Where it appears that the court committed prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered, this court will not reverse and remand the cause for another trial, but will reverse and remand said cause, with instructions to the trial court to render the judgment which it properly should have rendered.

**4. Costs—Recovery—Offer to Confess Judgment.**

Where on the trial of a cause the defendant offers to confess judgment in the amount stated, in full of plaintiff's demand, which is refused by plaintiff, and upon trial of the cause the plaintiff does not recover a judgment for more than that so offered to be confessed, the plaintiff is liable for all costs accruing subsequent to the time such offer to confess such judgment was made.

(Syllabus by Collier, C.)

Error from County Court, Choctaw County: W. T. Glenn, Judge.

Action by F. L. Beecher against the First National Bank of Soper, a corporation. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

McDonald & Jones, for plaintiff in error.

W. T. Banks, for defendant in error.

Opinion by COLLIER, C. This is an action instituted by defendant in error, hereinafter designated plaintiff, against the plaintiff in error, hereinafter designated defendant, to recover usurious interest paid the defendant as the successor of the Bank of Soper. The petition contains nine counts, to which petition a-demurrer was interposed, and said demurrer sustained as to counts 1, 2, 7, 8, and 9. and overruled as to counts 3, 4, 5, and 6, and such action of the court as to the demurrer was duly excepted to, but is not assigned as error and therefore said demurrer will not be considered. The defendant answered said petition, and offered to confess judgment under the fifth and sixth counts of said petition for the sum of $40.46.

the same being double the amount of usurious interest alleged by said counts 5 and 6 to have been collected by the plaintiff, and denied the allegations contained in counts 3 and 4 of said petition. To said answer plaintiff filed a reply, alleging that the officers and principal stockholders of the Bank of Soper, Okla., were about the same as the officers and stockholders of the First National Bank of Soper, Okla., and the First National Bank of Soper was liable for the usurious interest as alleged in the third and fourth counts of said petition, and denied the allegations of the answer as set forth in the second and third paragraphs thereof. The cause was tried to a jury and the only witness examined was the plaintiff, who testified that he knew the First National Bank of Soper, Okla.; that he knew the Bank of Soper, Okla.; that he executed to the Bank of Soper his note, a copy of which is attached to the pleadings, and that said note was for the sum of $265; that he received from the bank for said note the sum of $225; that he paid the note to the First National Bank of Soper. which note showed on its face, by stamp, that it was paid to the First National Bank of Soper, and which original note was offered in evidence. The witness was then handed a note made to the Bank of Soper, dated January 26, 1913, which he testified he had executed to said bank; that he received from said bank for said note $50; that he paid said note to the First National Bank of Soper, and offered in evidence said original note, which shows on its face, by stamp, that it had been paid to the First National Bank of Soper. The said note for $265 is the note counted upon in the third count of the petition, and said note for $59 is the note counted upon in the fourth count of said petition. The foregoing being all the evidence, the defendant demurred to the evidence, which demurrer was overruled and duly excepted to. Thereupon the plaintiff requested the court to direct a verdict in favor of plaintiff on said counts 3 and 4, and against the defendant on its answer as to counts 5 and 6, the latter two of which had been confessed by defendant. Whereupon the court instructed the jury to return a verdict for the plaintiff upon the said four counts, for the total sum of $138.46 and costs, and thereupon the jury returned into court a verdict against the defendant for the said sum of $138.46, and judgment was entered accordingly.

Within statutory time defendant filed a motion for a new trial, upon the grounds: (1) Error of the court in overruling the demurrer to the evidence of plaintiff; (2) error

of the court in granting peremptory instructions, requested by plaintiff, which motion was overruled and duly excepted to.

There is no evidence tending in the most remote degree to sustain the allegations of the third and fourth counts of said petition, or any part thereof. The amount of usurious interest alleged in said count 5 of said petition is $3.50, and in said count 6, $16.73, twice the amount of which is $40.46, the amount of judgment offered by the defendant to be confessed. In order to entitle the plaintiff to recover, it is an elementary principle that where the allegations of the petition are denied by the answer, the burden is upon the plaintiff to sustain the allegations of his petition by a preponderance of the evidence, and unless the evidence or the inferences that can be drawn therefrom. notwithstanding the evidence is contradicted, tends to support the allegations of the petition, it is reversible error for the court to direct a verdict. We are unable to understand upon what theory the court directed a verdict as to said counts 3 and 4 of said petition. We are astonished at the contention of plaintiff in his brief, found on page 2 thereof, "that the defendant by demurring to that part of the petition acknowledged the truth of the allegations set up in that part of the petition of the plaintiff," as it is a fundamental law that a demurrer to the petition relates solely to the legal effect of the facts stated in the petition, and the interposing of the demurrer to the petition by the defendant does not, in the slightest degree. admit. or tend to support. on the trial of the cause, the allegations of. the petition which are denied by the answer.

This action is predicated, as averred by plaintiff, upon sec. 5198, U. S. Comp. Stat. 1901, the controlling provision of which is:

"The taking, receiving, reserving, or charging * * * of interest greater than * * * allowed by the preceding section, when knowingly done."

There is not the slightest evidence in this case that the First National Bank of Soper was the successor of the Bank of Soper, or knowingly received, by the payment of said notes which were paid to it, usurious interest, other than by the offer to confess judgment in said sum of $40.46.

That the defendant knowingly received a greater amount of interest than allowed by law was essential to be proven to entitle the plaintiff to recover.

"One who seeks to recover the penalty under said section has upon him the burden to establish that he has paid a greater amount

of interest than the legal rate, and that the bank received said usurious amount knowingly." Merchants' & Planters' Nat. Bank of Mill Creek v. Horton et al., 27 Okla. 689, 117 Pac. 201; Henderson Nat. Bank v. Alves, etc.. 91 Ky. 142 (15 S. W. 132) ; First Nat. Bank of Mill Creek v. Ellis, 27 Okla. 639 (114 Pac. 620, Ann. Cas. 1912C. 687).

There being no evidence or inference that might be drawn from the evidence to support the verdict for $138.46, the directed verdict for plaintiff for the said sum was reversible error. The only liability of the defendant under the evidence in this case, or the inferences to be drawn therefrom, was the sum of $40.46, the exact amount the defendant offered to confess judgment for, and the court should have instructed the jury to find a verdict for that amount, and all costs accruing prior to the time of such tender, and tax the plaintiff with the remaining costs. Leitch v. Union R. Trans. Co., Fed. Cas. No. 8,224, 7 Chi. Leg. News, 291; Talla v. Anderson, 53 Okla. 418, 156 Pac. 670. Section 4782, Rev. Laws 1910, provides:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

Section 5306, Rev. Laws 1910, provides:

"After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action; whereupon, if the plaintiff, being present, refuse to accept such confession of judgment in full of his demands against the defendant in the action, or. having had such notice that the offer would be made, of its amount, and of the time of making it, as the court shall deem reasonable, fail to attend. and on the trial do not recover more than was * * * offered to be confessed, such plaintiff shall pay all the costs of the [action] incurred after the offer. The offer shall not be deemed to be an admission of the cause of [the] action, or the amount to which the plaintiff is entitled, nor be given in evidence upon the trial."

The defendant having offered to confess judgment for the entire amount shown by the evidence in this case that the plaintiff was entitled to recover, which was refused by the plaintiff, the plaintiff is liable for all costs of the case subsequent to the time the defendant offered to confess judgment for the said sum of $40.46. It necessarily follows that the court also committed prejudicial error in overruling the motion of defendant for a new trial. Section 5258, Rev. Laws 1910, provides:

"When a judgment or final order shall be

reversed on appeal, either in whole or in part, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

This cause should be reversed and remanded, with instructions to the trial court to render judgment for the plaintiff in the sum of $40.46, with interest from the time the defendant offered to confess judgment therefor; tax the plaintiff with all costs that have accrued in this case in said court since said offer to confess judgment was made by defendant. The costs of this appeal in this court should be taxed against the plaintiff.

By the Court: It is so ordered.