## TOWERY v. BUCK.

No. 10086—Opinion Filed March 15, 1921.

(Syllabus.)

**1. Appeal and Error — Judgment — Confession of Judgment—Pleading.**

Where a petition contains two causes of action and the defendant, at the time of going to trial, tenders and files in court a written withdrawal of his answer to the first count of the petition and confesses judgment to the claim of the plaintiff therein, and under the state of the record there being nothing but a question of law, upon said portion of the case it is error for the court to ignore said confession; and it is the duty of the trial court to render judgment upon said confession for the one in whose favor such confession is made, and in an appeal to the Supreme Court this court will reverse and direct judgment thereon.

**2. Appeal and Error—Review—Questions of Fact.**

Upon the second cause of action in a petition, when no question of law is involved, but merely a question of fact, and there being conflict in the evidence and a jury is waived, the matter being heard before the court, and the finding of the court upon said facts being reasonably sustained by the proofs adduced, the same will not be disturbed by this court.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by William Buck against Joe M. Towery on partnership agreement to purchase land. Judgment for plaintiff, and defendant brings error. Reversed as to part with direction as to judgment, and sustained as to part.

W. C. Farmer, for plaintiff in error.

J. L. Skinner, for defendant in error.

ELTING, J. This cause was commenced in the district court of Hughes county, Okla., by William Buck, plaintiff below, defendant in error herein, against Joe M. Towery, defendant below, plaintiff in error herein.

There are two causes of action set forth in the petition of the plaintiff below, defendant in error herein. The first count sets up an agreement between the defendant in error, plaintiff below, and plaintiff in error, defendant below, wherein it was agreed that the defendant in error was to purchase two tracts of land belonging to the heirs of John Pigeon. One of these tracts contains 60 acres in section 25, township 9 north, range 9 east, and 40 acres in section 15, township 9 north, range 9 east. That the price agreed to be paid by the parties herein for said tracts in the event that they purchased the same from the Indian heirs was $400 for the 40 acres and $800 for the 60 acres. In the event

the defendant in error succeeded in purchasing said land, he was to have the 40-acre tract and the plaintiff in error was to have the 60-acre tract. That in an effort to purchase said land the plaintiff in error and the defendant in error were compelled to pay $1,700, which was done and the title to both tracts was taken in the name of the plaintiff in error. The defendant in error alleges that of the $1,700 paid for the land, he paid $760, and in his petition the plaintiff in error waived all right and claim to specific performance and asked for a monied judgment and interest thereon from February, 1916, and that he be decreed a lien on the 100 acres of land so purchased to secure payment of said judgment, and for all other proper relief.

The second cause of action by the defendant in error against the plaintiff in error was for the recovery of $225 alleged to be due him as the price agreed to be paid to him by plaintiff in error for his one-sixth interest in a tract of land of 120 acres in section 26, township 10 north, range 9 east; alleging that he delivered a deed for said interest to the plaintiff in error, but had not received payment of the consideration of $225, and hence prayed for judgment for $225 against the plaintiff in error and interest from February, 1916, and for costs of action.

The plaintiff in error answered, first, by a general denial, denying everything except what was specifically admitted, and then admitted that there was an agreement to purchase these two tracts of land as contended in the first cause of action set up in the defendant in error's petition, but stated that only $1,600 had been paid by defendant in error, of which amount plaintiff in error had paid $960 and $150 actual necessary expense, and that the defendant in error had advanced only $640 instead of $760, and for which he was to receive the 40 acres of land, and plaintiff in error offered and stated that he was ready to execute a deed to defendant in error to said 40 acres in pursuance of the agreement.

To the second cause of action, the plaintiff in error denied each and every allegation except what was specifically admitted, and admitted that he had received a deed from the defendant in error of his interest in said tract and that he had paid plaintiff for the execution and delivery of said deed a valuable consideration as agreed upon; to which the defendant in error filed a reply, denying every and all the material allegations of the answer and cross-petition of the defendant inconsistent with the allegations of the plaintiff's petition. On the day of trial, and be-

fore going to trial, the plaintiff in error, defendant below, filed in court a confession of judgment as to the first cause of action, which was in words and figures as follows, omitting the caption:

"Comes now the defendant in the above entitled cause of action and asks permission of the court to withdraw his answer heretofore filed to plaintiff's first cause of action in the above matter, and to file in lieu thereof his confession of judgment thereon in the amount asked for in said first cause of action, and hereby consents that judgment may be rendered against him in said first cause of action in the amount asked for in plaintiff's petition thereon in said first cause of action."

This offer of confession by the defendant below was renewed at the close of the evidence of the defendant in error, plaintiff below.

On the 17th of December, 1917, a jury was waived and the cause was tried by the Hon. George C. Crump, judge presiding. Whereupon the evidence was introduced by the parties, and at the close of the evidence the court entered the following judgment:

"This action was commenced by William Buck, plaintiff, against J. M. Towery, defendant, to recover $760.00 on the first count, growing out of a partnership which was entered into between the parties in the month of February, 1916.

"In the second count the plaintiff claims the sum of $225.00 with the sum of $20.00 paid for a quitclaim deed covering an undivided one-sixth interest in and to the south half of the northwest quarter and the southwest quarter of the northeast quarter, of section twenty-six, township ten north, range nine east, Okfuskee county, Oklahoma.

"The court finds that in the month of February, 1916, the plaintiff and the defendant entered into a parol agreement and became a partnership in purchasing a certain tract of land from the Pigeon heirs, as alleged in the petition; and in furtherance of said contract the plaintiff expended the sum of $740.00; that the defendant expended the sum of $960.00, making a total of $1,700.00 expended for the purchase of this land.

"The court concludes on the first cause of action that they were partners in the purchase of this land; that the plaintiff is entitled to an undivided one-half interest in the hundred acres of land, and that the defendant is entitled to an undivided one-half interest in the one hundred acres of land described in the petition. That the plaintiff owes to the defendant the sum of $60.00, with six per cent. interest thereon from the first day of March, or the last day of February, 1916, until the present time. And that the plaintiff is decreed to have an undivided one-half interest in and to the land described in the first cause of action and that the defend-

ant is decreed to have an undivided one-half interest in the land described in the petition in the first cause of action.

"That there is no evidence as to the rental value of said land except to the forty acres described as the southwest quarter of the northeast quarter, and that the defendant has received the rents and profits off of this forty acres of land, amounting to $45.00, in which the plaintiff, William Buck, would have an undivided one-half interest therein, being $22.50.

"As to the second cause of action, the court finds that the plaintiff sold to the defendant an undivided one-sixth interest in the lands mentioned in plaintiff's second cause of action, which would be twenty acres, for a consideration of $225.00. That the defendant Towery performed some work and labor for the plaintiff, amounting to $30.00, leaving a balance due the plaintiff on the second cause of action of $195.00, making a total due from the defendant to the plaintiff for rents and the sale for the land the sum of $217.50 less $60.00 that the plaintiff owes the defendant on the first cause of action, which would amount to $157.50 that the defendant is due the plaintiff.

"The judgment of the court will be that the plaintiff have an undivided one-half interest in and to the one hundred acres of land described in the first cause of action; that the defendant pay to the plaintiff the sum of $157.50, this settling all controversies included in the petition."

As confessed in the briefs of both the plaintiff in error and defendant in error, the issues were loosely drawn as between these parties. As to the evidence on the first cause of action, there does not seem to be much conflict except that the defendant in error contends that he was to pay only $400 for the 40 acres, while the plaintiff in error contended that he was to pay his proportionate part of the additional costs. The defendant in error also contends that he paid out $150 expense money, which he was entitled to recover.

As to the holding of the court on the first cause of action, we think it is clearly against the evidence, and that the trial court was not justified, under the pleadings and evidence, in dividing the lands equally between the parties.

There was no disagreement between the plaintiff in error and the defendant in error as to how the land was to be divided. It was agreed that the plaintiff in error was to have the 60 acres and the defendant in error was to have the 40 acres. There was no disagreement as to how the purchase money was to be divided on the original verbal agreement. The defendant in error was to pay $400 for the 40 acres and the plaintiff in error was to

pay $800 for the 60 acres. The only disagreement between the parties and conflict of evidence was as to the amount each had paid and each should pay as the purchase was finally closed, but as to how the land was to be divided, there was no conflict in the evidence.

We hold, furthermore, that it was the duty of the court to accept the confession of judgment by the plaintiff in error, presented in court at the beginning of the trial, and to render judgment in favor of the defendant in error, plaintiff below, for the amount asked in the first count of the petition of the defendant in error in the sum of $760, with interest thereon at 6 per cent. from February, 1916, and for costs of suit up to the time of confession of judgment; and under the pleadings and issues found, it was error for the trial court to render any other kind of judgment.

The defendant in error, it must be borne in mind, nowhere asks for specific performance in his pleadings or during the course of the trial, but specifically waived, in his pleadings, the claim to specific performance. The plaintiff in error at the beginning of the trial offered and confessed in writing, judgment for the amount claimed by the defendant in error, plaintiff below, and at the close of the evidence by the defendant in error, plaintiff below, the plaintiff in error again made offer of confession of judgment; hence the trial court in dividing the lands, one-half to each, not only rendered a judgment that was not warranted by the evidence, but in entering a judgment dividing the land in any manner or entering a judgment for any portion of the land entered the kind of a judgment that was not responsive to the pleadings or the request of the parties, and in doing this and failing to recognize the confession of judgment and entering judgment thereon and in rendering judgment that he did render, committed error.

The plaintiff in error in his brief, after discussing the erroneousness of the judgment below, and on page 11 of his brief, made this statement:

"The only alternative to this issue presented in the evidence to the court, was to render judgment in accordance with the defendant Towery's offer to confess judgment as set forth in the record, page 33."

The defendant in error in the closing paragraph of his brief states as follows:

"We, therefore, respectfully submit that this cause should be affirmed, but in the event the court sees fit to modify the judgment rendered herein on the first cause of action, same can be done in accordance with the pleadings and the findings of the court under the contentions of counsel of the plaintiff in error, according to the record and his brief filed."

The plaintiff in error filed a reply brief in which he suggested a judgment as to the first count as follows:

"We believe that in the light of these facts, the proper manner of disposing of plaintiff's first cause of action would be to direct that judgment be entered against defendant Towery in the sum of $760.00, together with interest thereon at the rate of 6 per cent. and with the costs accruing up to the time defendant offered to confess judgment."

We are giving these extracts from the briefs of the plaintiff in error and the defendant in error to show their attitude toward the judgment of the court below.

The following are the second, third, and fourth paragraphs of the syllabus in the case of First Nat. Bank of Soper v. Beecher, 62 Okla. 36, 161 Pac. 327:

"2. An instruction of the court directing a verdict to be rendered for the plaintiff in an amount in excess of the amount shown by the evidence that the plaintiff is entitled to recover, is prejudicial error.

"3. Where it appears that the court committed prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered, this court will not reverse and remand the cause for another trial, but will reverse and remand said cause with instructions to the trial court to render the judgment which it properly should have rendered.

"4. Where on the trial of a cause the defendant offers to confess judgment in the amount stated, in full of plaintiff's demand, which is refused by plaintiff, and upon trial of the cause the plaintiff does not recover a judgment for more than that so offered to be confessed, the plaintiff is liable for all costs accruing subsequent to the time such offer to confess such judgment was made."

Upon the second cause of action the evidence of the plaintiff in error and the defendant in error is conflicting. The plaintiff in error declares that the defendant in error was indebted to him $50 for labor, and that he allowed him the amount of said claim as a consideration for the deed. The defendant in error swears positively that the agreed price for his one-sixth interest in the tract was $225 and that amount was due him from the plaintiff in error.

The trial court held that the evidence showed that plaintiff below should recover on said second count. The evidence being con-

flicting and the judgment being reasonably sustained by the evidence, this court will not disturb the finding of the court below on the second count and holding that the plaintiff in error had agreed to pay the defendant in error $225 for said deed and upon which it was found that the plaintiff in error was entitled to a credit of $30 for labor performed, leaving a balance due to the defendant in error in the sum of $195 and interest thereon at the rate of 6 per cent. from February, 1916.

This judgment is, therefore, reversed and remanded, with instructions to enter the following judgment:

That the defendant in error, William Buck, plaintiff below, have judgment against the plaintiff in error, Joe M. Towery, defendant below, in the sum of $760, with interest thereon from February, 1916, at the rate of 6 per cent. and that he be decreed a lien upon the 100 acres of land described in the first cause of action of the defendant in error, plaintiff below, to secure payment of the same and to be enforced as provided by law. And the defendant in error, plaintiff below, have judgment against the plaintiff in error, defendant below, under his second count in the sum of $195, with interest at the rate of 6 per cent. thereon from February, 1916, and that plaintiff in error, defendant below, be taxed with the costs of suit accruing up to the time of his offer to confess judgment on the first count, and that the costs accruing since that time, and including this appeal, be taxed, one-half against the plaintiff in error and one-half against the defendant in error.

HARRISON, C. J., and PITCHFORD, McNEILL, and NICHOLSON, JJ., concur.