## STEINER v. URQUART.

No. 13410—Opinion Filed April 22, 1924.

1. Appeal and Error—Disposition of Cause —Directing Judgment.

Where it appears that the court committed the prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered, this court will not reverse and remand said cause for another trial, but will reverse and remand said cause, with instructions to the trial court to render the judgment which it properly should have rendered. First Nat. Bank of Soper v. Beecher, 62 Okla. 36, 161 Pac. 327.

2. Same—Replevin.

Plaintiff sued in replevin, praying the alternative judgment. The verdict was for plaintiff, finding the total value of the personal property, and of each item, and for damages. Judgment was for recovery of possession only, and for the damages. The damages recoverd were waived by plaintiff, who asks for judgment in the alternative. Under syllabus 1, the cause is remanded, with directions to render judgment in the alternative which should properly have been rendered, including judgment on the supersedeas bonds.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action in replevin by M. A. Urquart against J. B. Steiner. Judgment for plaintiff. Defendant brings error. Remanded, with directions.

Streeter Speakman, for plaintiff in error.

Thompson & Smith, for defendant in error.

Opinion by ESTES, C. M. A. Urquart, defendant in error, sued J. B. Steiner, in replevin, basing his claim to possession on chattel mortgage securing three promissory notes. He asked also for $1,000 damages for unlawful detention, and for judgment in the alternative. Parties will be referred to as they thus appeared. Verdict of jury was for plaintiff for "possession of the articles of value as follows," finding the value of each item and the total. The verdict also assessed damages of $500 for unlawful detention. Judgment on the verdict was that "plaintiff was entitled to the possession of all the property described and valued as in the verdict of the jury set forth, and that

he do have and recover possession thereof," setting out the items and the value of each and said total, and also for $500 damages. Defendant retained possession of the personalty under a redelivery bond. The only error assigned and argued by defendant in his brief is that there was no evidence to support the judgment for $500 damages. Plaintiff concedes this and asks for judgment on the supersedeas bonds. Defendant contends that plaintiff is not entitled to judgment on the supersedeas bonds for that the judgment was for possession of the property only, there being no default shown. The court should have rendered the alternative judgment provided by statute, instead of judgment in the terms described above. No issues of fact remain to be tried. Only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered. In Jackson v. Carroll et al., 86 Okla. 230, 207 Pac. 735, paragraph three of the syllabus is:

"Where it appears that the court committed prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered, this court will not reverse and remand said cause for another trial, but will reverse and remand said cause, with instructions to render the judgment which it properly should have been rendered. First Nat. Bank of Soper v. Beecher, 62 Okla. 36, 161 Pac. 327."

Robert W. Steiner and Carrie Dukes were the sureties on the supersedeas bond approved by the trial court. After the cause was lodged in this court, on application of plaintiff, additional supersedeas bond was filed and by this court approved, on which J. W. Chambers and J. S. Stout are sureties. By means of these bonds, defendant has effectually stayed execution. Each of them is in the usual form and provides for payment of the condemnation money and costs in case the judgment or final order shall be adjudged against defendant or affirmed in whole or in part. It is conceded that plaintiff would be limited in his recovery in the alternative of $550, the amount of the notes secured by mortgages on the property, plus the interest.

The cause is therefore remanded with directions to the trial court to render judgment in favor of plaintiff M. A. Urquart, against defendant, J. B. Steiner, for recovery of the possession of the personal property, and in the alternative, that in case delivery thereof by defendant, J. B. Steiner, to plaintiff cannot be had, judgment for plaintiff against defendant, J. B. Steiner, and all

of the said sureties on said bonds, for $550, plus interest and costs.

By the Court: It is so ordered.