JOHN C. HOLMEN *vs.* STEPHEN C. RUGLAND.

June 30, 1891.

Usury—Evidence.—Evidence that the payee of a note intentionally included therein a sum greater than the amount loaned, with 10 per cent. interest on the face amount of the note, whereby he secured to himself a greater compensation for the forbearance of the sum actually loaned than the statute allows, is sufficient to support the charge of usury.

Appeal by defendant from an order of the district court for Grant county, *C. L. Brown*, J., presiding, refusing a new trial after verdict of $846.32 for plaintiff.

*Clapp & Houpt*, for appellant.

*Knute Nelson*, for respondent.

VANDERBURGH, J. This action involves the title to a quantity of wheat raised by plaintiff on his farm, and which the defendant has taken possession of under a chattel mortgage held by him against plaintiff. Plaintiff claims that the grain was not included with his knowledge or consent, and that it was fraudulently inserted therein; also that the mortgage and note secured thereby are void for usury. The jury found for the plaintiff on both these issues. The principal question argued here is whether there was evidence sufficient to support the charge of usury. The plaintiff claims that the note and mortgage were given for a larger sum than was due to the defendant, and that thereby he secured to himself a greater compensation for the forbearance of the money actually due than is allowed by law. If such be the case, the effect of the transaction is to make the securities *prima facie* usurious, though it is open to explanation. The law raises a presumption of usury from the fact that the lender has reserved to himself greater compensation than the law allows. *Fiedler* v. *Darrin*, 50 N. Y. 437, 443. And if the lender knowingly and voluntarily includes in the contract as framed by him and executed by the borrower a sum in excess of the amount of the loan with the highest legal rate of interest, the law will condemn the act, though the borrower be deceived as to the amount actually due, and be ig-

norant of the fact that the contract is usurious. *First Nat. Bank* v. *Plankinton,* 27 Wis. 177.

We are of the opinion that there was sufficient evidence to support the verdict. The note was given for $1,000, at 10 per cent. interest. The plaintiff insists that the sum of $60 was wrongfully included, in addition to the amount actually due the defendant. This sum, with the items admitted to be due, makes up the amount for which the note was given. The defendant testifies that the amount thereof was made up of three items, viz., balance due on old note, $831.85; $108.15 indorsed by him on another note of plaintiff and transferred to this; and $60 for goods to be taken out of defendant's store. His testimony as to this item is not altogether consistent. In making up the amounts to be included on the new note in question, he states in one part of his testimony that he figured up the interest, deducted payments, and charged up $60 store account, more than $40 of which, though not all, had already accrued for goods which the plaintiff had received out of the store. In another part of his evidence, in answer to the question, "How did it come that this $60 was put into the note?" he says, "Plaintiff wanted to trade so much through the summer, and he offered to give security on the crop," and that he "credited him then with $60" on his books, against which the plaintiff traded as he wanted. On the other hand, the plaintiff testified distinctly that he made no such arrangement with defendant, either as to goods received or to be received, and did not know that this item was included. He denies that defendant gave him any memorandum of the items entering into the note, and states that defendant simply figured up the amount, and said he "was owing him so much at that time," and that "it was right," and he thereupon signed the note and mortgage. It was a fair question for the jury whether the defendant included in the note, intentionally, a sum of money not due from the plaintiff, so that he might have and recover from the plaintiff a sum greater than the amount actually forborne and 10 per cent. interest thereon. There was evidence sufficient to support the finding that the transaction was usurious.

Order affirmed.