PASQUALE CAPONIGRI, Appellant, *v.* PASQUALE ALTIERI and PIETRO ALTIERI, Respondents.

*Counterclaim of the statutory penalty for usury — it cannot be interposed in an action to recover the amount of the usurious paper.*

In view of the provisions of the General Banking Law (Chap. 689 of the Laws of 1892), declaring a purpose to place banking associations organized and doing business under the laws of the State of New York and individual bankers in the particulars therein referred to *on an equality with national banks,* the penalty imposed by that act, which provides that, if a greater than the lawful rate of interest has been paid, the person paying the same may recover back twice the amount of the interest thus paid from the bank or individual banker taking or receiving the same, can only be recovered by an independent action, and cannot be successfully interposed as a counterclaim in an action brought by the individual banker upon a promissory note, in connection with which the usurious interest was charged.

APPEAL by the plaintiff, Pasquale Caponigri, from a judgment of the Appellate Term of the Supreme Court in favor of the defendants, bearing date the 28th day of December, 1897, and entered in the office of the clerk of the county of New York affirming a judgment of the General Term of the City Court of New York which affirmed a judgment of the City Court of New York, entered in the office of the clerk of the City Court of New York on the 20th day of May, 1897, upon the verdict of a jury rendered after a trial at a Trial Term of said court.

*Charles W. Dayton,* for the appellant.

*George C. De Lacy,* for the respondents.

PATTERSON, J.:

The question to be determined on this appeal relates to the right of the defendants to recover upon a counterclaim under this state of facts, viz.: The plaintiff, an individual banker, sued upon a promissory note, of which the defendants were respectively the maker and indorser. The defendants set up as a counterclaim that in various transactions had by them, and with which they say the note in suit was connected, they paid to the plaintiff large sums of usurious interest, and they sought to recover back double the amount of that

usurious interest, basing their right to do so upon the provision of chapter 689 of the Laws of 1892 (Art. 2, § 55), which enacts, among other things, that if a greater than the lawful rate of interest has been paid, the person paying the same, or his legal representatives, may recover back twice the amount of the interest thus paid from the bank or individual banker taking or receiving the same, if such action is brought within two years from the time the excess of interest is taken. It was alleged in the complaint that the plaintiff is a private and individual banker, and that allegation was admitted by the answer. An individual banker, within the meaning of the statute of this State, is one who, having complied with the statutory requirements, has received authority from the Banking Department to engage in the business of banking, subject to its inspection and supervision and of the burdens imposed. (*Perkins* v. *Smith*, 116 N. Y. 441.) By the General Banking Law of 1892 (Chap. 689) the plaintiff would not have forfeited the debt represented by the note in suit, even if it were connected with the usurious transactions out of which the defendants' alleged counterclaim arose, but the plaintiff would be liable to the defendants for the penalty imposed, if that penalty were sought to be enforced in a proper way. The question here is simply whether it may be done by counterclaim. It was decided by the Court of Appeals in *The National Bank* v. *Lewis* (75 N. Y. 516) that in an action on the indebtedness a counterclaim for the penalty might be allowed; but that case was reversed by the Supreme Court of the United States, and when it was subsequently returned to the Court of Appeals, that court followed the Federal court, holding that, as to national banks, there can be no counterclaim based on a cause of action for a penalty.

It is contended, however, by the defendants that the question involved here is one of pleading under the Code of Civil Procedure and that the decision with respect to national banks does not apply, because no question of pleading under State practice arose in such cases and the plaintiff here is an individual. But the General Banking Law of 1882 (Chap. 409), as re-enacted in 1892, declares in so many words that the true intent and meaning of its sections relating to this subject are to place banking associations organized and doing business under the laws of this State and individual bankers, in the particulars referred to, *on an equality with national banks* organized

under the act of Congress of June 3, 1864 (13 U. S. Stat. at Large, 99). By that act of Congress it is provided that the penalty imposed for taking usury by national banks must be recovered in an action of debt, that is to say, can be recovered only by a resort to that remedy which is connected with the right — the method of the enforcement of the cause of action being inseparable from that right. The purpose of the New York statute, being to place State banks and individual bankers on an equality with national banks, that equality cannot be effected in any other way than by confining the person seeking to enforce the penalty to the remedy thus inseparably associated with the right. A national bank may proceed by action to recover a debt. The debtor claiming usury cannot resist the enforcement of that debt because of the usury nor counterclaim the statutory penalty. He can only recover that penalty by an independent action equivalent to an action of debt, which was the ordinary action at common law to recover penalties imposed by statute. He must bring a common-law action to recover the penalty. It is a penal suit (*Barnet* v. *National Bank,* 98 U. S. 555), and the aggrieved party "can have redress in no other mode or form of procedure." Now, unless the same rule applies to State banks and to individual bankers, they do not receive the equality which it is the express purpose of the State Banking Law to afford them and which it is declared by that law to be the true meaning and intent thereof. The importance of the provision is obvious. It is to enable the privileged banker to recover the principal of his debt irrespective of any consideration arising out of the usurious transaction so far as a penalty is concerned. He is not to be interfered with nor to be prevented in the enforcement of his claim by litigating, in an action upon that claim, the subject of his liability to a penalty.

We are, therefore, of the opinion that the court below was wrong. The point was raised by an exception on the trial of the action and was properly up for review.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concur; VAN BRUNT, P. J., concurred in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.