JOHN B. JOHNSON v. JOHN JOYCE.[1]

November 6, 1903.

Nos. 13,570—(71).

**Answer—Demurrer.**

*Held*, the answer demurred to in this action states facts which, upon their face, constitute a good defense.

Appeal by plaintiff from an order of the district court for Douglas county, Baxter, J., overruling a demurrer to the answer. Affirmed.

*F. H. Borchert,* for appellant.

*Gunderson & Thompson,* for respondent.

LEWIS, J.

Respondent executed a promissory note as follows:

"$497.00.          Osakis, Minn., Aug. 17, 1897.  No. ——.

"On or before Nov. 7th, 1897, for value received, I promise to pay to John B. Johnson, or order, Four hundred Ninety-seven & oo–100 Dollars. If not paid when due this contract shall draw interest from maturity at the rate of ten per cent. per annum. This agreement may be paid at the option of the makers thereof in No. 1 Northern Wheat, delivered to said John B. Johnson, at elevator at Osakis, Minn. on or before maturity thereof at the rate of $1.50 per bushel, or if found in lower grades at a proportionate price per bushel.

"John Joyce, Jr."

Action having been commenced thereon, respondent answered by alleging that at the time of executing the note appellant loaned to respondent $207.90 only, and that appellant then and there exacted and

[1] Reported in 97 N. W. 113.

charged, and respondent agreed to pay appellant, for the loan and forbearance of such sum, $289.10 as a bonus, which sum was added to the amount loaned, making the face of the note. The answer also alleged that, in order to evade the statute relating to usury, it was agreed by the terms of the note that the maker, at his option, might pay the same in No. 1 Northern wheat, as stated, and that respondent received no other consideration for the execution of the note except the sum of $207.90. The answer also contains a separate partial defense to each cause of action, which is to the effect that the note was executed for a loan of $207.90, and that respondent received no other consideration for the execution of the note except that sum. These two defenses were demurred to upon the ground that upon their face they do not constitute counterclaims or defenses, and, the demurrers having been overruled, appeal was taken.

The order of the trial court must be sustained. If, as alleged in the partial defense, respondent borrowed $207.90 from appellant, and in consideration of that amount only delivered to him a note for $497 of date August 17, 1897, due November 7, 1897, the facts constitute a clear case of usury. The difference between $207.90 and the face of the note is in the nature of a bonus, for which there was no consideration. The fact that the note states it might be paid in No. 1 wheat at $1.50 a bushel does not constitute a consideration for the execution of the note for this surplus amount, for the reason that it is expressly stated in the answer that there was no other consideration than the $207.90. So far as the other defense is concerned, it is expressly stated that this option to pay in wheat at $1.50 a bushel was inserted for the very purpose of evading the statute relating to usury, and that there was no other consideration for the execution of the note than the $207.90. The insertion of the option contract in the note under the facts alleged did not tend to relieve the note from the imputation of usury, if it appears that it was inserted without consideration, or for the express purpose of evading the statute.

Order affirmed.