(117 App. Div. 428)

### SCHLESINGER v. LEHMAIER.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. BANKS AND BANKING—STATE BANKS—USURY—AVAILABILITY AS DEFENSE.

Though a state bank purchased notes with knowledge that usurious interest had been paid, the maker could not plead usury as a defense to a suit brought upon them by the bank's receiver, since under the national banking act (Act June 3, 1864, c. 106, 13 U. S. Stat. pp. 99–103. § 30) a penalty for taking usury by national banks can only be recovered in an action of debt, and not as a counterclaim or set-off to the original obligation, and the banking law (N. Y. Laws 1892, p. 1869, c. 689, § 55) places state banks on an equality with national banks.

2. USURY—PENALTIES—PERSONS LIABLE—INDORSEE OF NOTE.

A penalty for usury may be recovered from an indorsee of a note where he purchases with knowledge that a usurious rate has been paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, § 427.]

Appeal from Appellate Term.

Action by Leo Schlesinger against Ludwig Lehmaier. From a determination of the Appellate Term (99 N. Y. Supp. 389) reversing a judgment for plaintiff, he appeals. Determination of Appellate Term reversed and judgment of City Court affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

George W. Glaze, for appellant.
Otto C. Sommerich, for respondent.

McLAUGHLIN, J. This action was originally brought in the City Court by the receiver of the Federal Bank to recover the amount of two promissory notes made by the defendant for $500 and $454.50, respectively, each made payable to the order of the maker and indorsed by him. The complaint alleges that before maturity the notes were indorsed in blank by the defendant and discounted by the Federal Bank in due course, and that as receiver the plaintiff is the owner and holder of them. The answer denies that the plaintiff is a holder in due course, and alleges:

"(6) That both the notes described in the complaint were made and delivered to the Globe Security Company under the following circumstances: That on or about the 2d day of November, 1903, the defendant made a note for $819.50 on that day, wherein he promised to pay the said sum four months after said date to the order of the defendant and thereafter indorsed the said note in blank and delivered the same to the Globe Security Company; that thereafter, when the said last-mentioned note became due, the defendant did not pay the said note, and in payment thereof made and delivered to the Globe Security Company the two notes mentioned in the complaint; that the said notes mentioned in the complaint, amounting in the total to $954.50 and interest, include the said sum of $819.50, and the sum of $135.50 interest, the last mentioned being far in excess of interest at the legal rate, and said interest is therefore at a usurious rate, and the Federal Bank of New York received the notes with knowledge of all facts alleged in this answer."

Another defense is set out similar to the one above quoted, but tracing the notes back to their origin in a note exceeding $400, made on or about January 29, 1903, for a loan of $350. At the trial the plaintiff made prima facie proof of the cause of action alleged and rested, and the defendant's counsel thereupon moved to dismiss the complaint upon the ground that the plaintiff had failed to prove that he was the owner and holder of the notes in question. The motion was denied and an exception taken, and a motion was then made by plaintiff's counsel for judgment upon the ground that the facts pleaded in the alleged defense quoted and the other defense referred to did not in law, even though such facts be established by evidence, prevent a recovery. This motion was subsequently granted and judgment entered for the plaintiff, from which an appeal was taken to the Appellate Term, which reversed the judgment of the City Court, and ordered a new trial, and from the determination thus made by permission an appeal was taken to this court.

I am of the opinion that the determination of the Appellate Term should be reversed and the judgment of the City Court affirmed. The Federal Bank, of which the plaintiff is receiver, was a state bank and the notes in suit were acquired by him as part of the assets of the bank when he was appointed such receiver. The disposition made by the City Court in summarily disposing of the defenses pleaded necessarily admits that the notes sued on were usurious at their inception, and that the Federal Bank took the same with full knowledge of this fact. Had the Federal Bank, in the first instance, discounted the notes and in doing so exacted a usurious rate of interest, or had it taken the notes in due course, then the defenses attempted to be pleaded would not be available. This was finally settled, if the question were theretofore open, by this court in Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083, where the latter question was squarely presented. The reasons assigned for reaching that conclusion are fully set forth in the opinion delivered by Mr. Justice Clarke, and it is unnecessary in disposing of the question here presented to re-state them.

The only difference between this case and the Kelly Case is that there the Federal Bank did not have knowledge that a usurious rate of interest had been exacted, while here it purchased the notes for value with knowledge that a usurious rate of interest had been exacted by the seller. Does this place the bank in any worse position than if it had taken usurious interest itself? I think not, and this is upon the

theory that what one can do himself he can do through another. A national bank may proceed by action to recover a debt, and the debtor claiming usury cannot resist the enforcement of that debt because of usury, nor can he counterclaim the statutory penalty. He can only recover that penalty in the manner provided by statute (Caponigri v. Altieri, 29 App. Div. 304, 51 N. Y. Supp. 418, affirmed 165 N. Y. 255, 59 N. E. 87), which is by a separate and independent action for that purpose and he can have redress in no other mode or form of procedure (Barnet v. National Bank, 98 U. S. 555, 25 L. Ed. 212). Under the provisions of the national banking act (Act June 3, 1864, c. 106, 13 U. S. Stat. 99, 108, § 30) taking usury by a national bank does not involve a forfeiture of the debt, either as a penalty or otherwise. The most that can be claimed by the debtor is that the contract is good for what might be lawfully taken and void only as to the excess. Farmers' National Bank v. Dearing, 91 U. S. 35, 23 L. Ed. 196. By the act of Congress referred to there is a penalty imposed for taking usury by national banks, but it can only be recovered in an action of debt, and not as a counterclaim or set-off to the original obligation. Caponigri v. Altieri, 165 N. Y. 261, 59 N. E. 87. Section 55, c. 689, p. 1869, Laws 1892 (the banking law) places state banks on an equality with national banks (Caponigri v. Altieri, supra), and therefore the statute relating to usury is not available as a defense in an action to recover the original indebtedness. The only remedy where an illegal rate of interest has been taken is by a separate action to recover the penalty, or, as said by Judge Martin in the Caponigri Case:

"Under the state as well as under the federal law, a debtor claiming that usury has been paid cannot counterclaim the statutory penalty therefor, but his remedy under the statute of 1892, like that under the federal law, is to bring an action for the penalties thus imposed, when the action may be tried untrammeled by and disconnected from any other transactions or business between such person and the bank or individual bankers."

But it is said that the bank here did not take an illegal rate of interest, but that was taken by the Globe Security Company, from whom it obtained the notes in suit, and therefore an action to recover this penalty could not be maintained against the Federal Bank or the plaintiff, its receiver. This does not necessarily follow, because the Federal Bank purchased with knowledge that a usurious rate of interest had been paid, and in doing so it ratified and adopted the act of its assignor, and to the extent of the illegal rate of interest exacted thereby it seems to me subjected itself to the penalty provided by statute. It is not disputed but what, under the authorities cited, if the bank had taken the illegal rate of interest itself, it could enforce collection of the notes. It would be a forced, strained, and unwarranted construction of the statute which would prevent a recovery by reason of the knowledge of the bank that an illegal rate of interest had been taken, when, if it had taken the illegal rate of interest itself, a recovery might be had. It could, as already said, do through another what it could do itself, but, if it chose to do so, it thereby became subject to the penalty which would be imposed had it done the illegal act itself.

For the reasons stated, therefore, the determination of the Appellate

Term must be reversed, with costs, and the judgment of the City Court affirmed, with costs.

LAMBERT, J., concurs. PATTERSON, P. J., and HOUGHTON and SCOTT, JJ., concur in result.

(52 Misc. Rep. 570)

## CAFFI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. February 11, 1907.)

MASTER AND SERVANT—INJURIES TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE.

Where an employé of a railway places himself on the track in a position of danger, without any emergency or exigency therefor, he is guilty of negligence, and cannot recover for injuries received, even if defendant were negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 723–742, 795–800.]

Appeal from Municipal Court, Borough of the Bronx, First District.

