## NAPOLEON P. NELSON and Another v. OLE P. SATRE.[1]

May 13, 1910.

Nos. 16,567—(46).

**Evidence of usury — presumption.**

In an action to recover a bonus usuriously exacted for money loaned, if the evidence supports a finding that a direct contract was made for the payment of the excessive amount in consideration of the loan, the intent to evade the statute defining usury is presumed.

**Verdict sustained by evidence.**

Evidence considered, and *held* to sustain verdict.

Action in the district court for Lac qui Parle county to recover $1,000, alleged to have been paid as usurious interest. The complaint alleged the real estate was worth $25,000. The answer denied that the property was of any greater value than $16,000. The case was tried before Qvale, J., and a jury which returned a verdict in favor of plaintiffs for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*C. A. Fosnes,* for appellant.

*T. J. McElligott,* for respondents.

O'BRIEN, J.

Plaintiffs, husband and wife, brought this action under section 2734, R. L. 1905, to recover $1,000 which they claim defendant usuriously exacted from them. The plaintiff Napoleon P. Nelson owned seven hundred twenty acres of land, upon which were different mortgages, of which one had been foreclosed, the period of redemption expiring November 18, 1907. The amount required to redeem, and pay the taxes and interest upon the other mortgages on that date, was $5,650. Defendant furnished the necessary amount, and the certificate of redemption was delivered to plaintiffs, who immediately executed a deed of the premises to defendant. The plaintiffs' claim was that the money paid for the redemption was loaned to them for

[1]Reported in 126 N. W. 339.

sixty days, during which they were entitled, upon the payment of the sum advanced and a bonus of $1,000, to a reconveyance of the premises. The defendant's contention was that he made no loan to the plaintiffs, but in fact purchased their interest in the land through the redemption and subsequent deed already described; that while the plaintiffs retained no interest in the land, and defendant was under no obligation to them, he was willing, if at any time within sixty days he was paid a sum which would net him a profit of $1,000 upon the transaction, to part with his title either to the plaintiffs or any purchaser that they might procure. Within sixty days from the date of redemption, the plaintiffs paid to defendant the sum of $6,670, whereupon defendant executed a deed of the premises to plaintiff Napoleon P. Nelson. The jury found for the plaintiffs, and defendant appeals from an order denying a new trial.

1. Defendant requested the court to instruct the jury: "Usury is a matter of intention, and in order to enable the plaintiffs to recover it must appear that Satre secured the deed from Nelson and exacted the $1,000 with a view of evading the usury law. A contract for interest at higher than the legal rate, without a corrupt intent on the part of the lender to exact an unlawful rate of interest, is not usurious." This request was properly refused. The laws of this state defining usury have been frequently construed by this court. Those decisions are to the effect that, without regard to the form of the transaction, if it appears that one had exacted for a loan or forbearance more than the interest allowed by the statute, the transaction will be held usurious, and thus it may happen that the important ingredient is the intent of the parties, as furnishing a motive for the form in which the transaction appears.

But in this case no such question arises. The plaintiffs testified to a direct loan of the money for the period of sixty days, that the deed was executed by them to the defendant to secure the loan, and that as a part of that transaction the defendant exacted a promise from them, in case they redeemed within sixty days, to pay a bonus of $1,000, the amount he actually received in addition to the interest. Where the evidence shows a direct contract whereby, for a loan of money, the lender exacts a usurious bonus or excessive interest, the

intent to evade the law is presumed, so that here the case depends only upon whether the true history of the transaction was that given by plaintiffs.     Johnson v. Joyce, 90 Minn. 377, 97 N. W. 113; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; Holmen v. Rugland, 46 Minn. 400, 49 N. W. 189.

2. There can be no question that the evidence is sufficient to sustain the verdict.   It is undisputed that upon the last day of redemption the defendant advanced the money necessary to redeem, and he admitted in his testimony that after the redemption had taken place there was some sort of a verbal understanding by which the plaintiffs were to have the benefit of the redemption, if, within fifty-seven or sixty days, the defendant received what he had advanced and $1,000 in addition.   If the plaintiffs had not directly testified to the nature of the transaction, it would, upon its face, indicate an attempt to evade the statute; but when to this is added the positive testimony of the plaintiffs, together with some other circumstances which it is unnecessary to detail, we feel there is no doubt as to the correctness of the conclusion reached by the learned trial judge.

3. Counsel for defendant requested a charge to the effect that the jury should consider defendant's claim that $500 was paid by him to one Dale as a commission.   This was properly refused.   Another request, that a loan of the money must appear to entitle plaintiff to recover, was fully covered in the instructions given.   We find no error in the admission of evidence, and an examination of the court's charge shows that the questions involved in the controversy were fully and fairly placed before the jury for its determination.   We see no reason for disturbing the verdict.

Order affirmed.