## FARMERS' NAT. BANK OF WEWOKA v. McCOY.

No. 3547.   Opinion Filed June 23, 1914.

(141 Pac. 792.)

1. **COURTS—Jurisdiction—State and Federal Courts.** Under sec- tions 5197 and 5198, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3493, a national bank may charge and re- ceive on a loan the same rate of interest allowed to be charged by the laws of the state in which such national bank is located, and, when such national bank shall knowingly charge and receive a greater rate than that prescribed by the laws of the state in which such bank is located, the person by whom it has been paid, or his legal representative, may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid, provided such action is commenced within two years from the date of the usurious transaction.

2.    **SAME.**  Actions against a national bank for knowingly charging and receiving an usurious rate of interest may be maintained in any state, county, or municipal court having jurisdiction in similar cases in the county or city in which such bank is located.

3.    **BANKS AND BANKING—National Banks—Interest—Usury.**  In an action to recover twice the amount of interest paid in an usurious transaction, where the petition states facts showing the date of the note, by whom it was executed, and to whom it was made payable, and shows the amount of interest charged, and that such interest was paid and when paid, by whom it was paid, and to whom it was paid, and shows the amount of interest thus paid to have been in excess of the rate allowed by law to be charged and received, and attaches copy of the note to the petition and makes it a part thereof, and further alleges that the defendant bank "did corruptly, knowingly, wrongfully, and illegally charge, take, and receive from plaintiff the amount of interest so usuriously charged," it states facts sufficient to constitute a cause of action.

4.    **TRIAL—Refusal of Instructions Covered.**  Though instructions requested by a party may correctly state the law, yet a judgment will not be reversed for refusal to give such instructions, if the law applicable to the issues involved is correctly given in the court's charge.

(Syllabus by Harrison, C.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action by T. B. McCoy against the Farmers' National Bank of Wewoka.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Willmott & Dean,* for plaintiff in error.

*J. A. Baker* and *W. T. Banks,* for defendant in error.

Opinion by HARRISON, C.  This is an action by T. B. McCoy against the Farmers' National Bank, for usury alleged to have been collected from McCoy by said bank on six separate promissory notes.  The alleged aggregate of interest paid on said notes was $101.50, and judgment was asked for double the amount of interest paid, $203.00, and for an attorney's fee of $50.  The cause was tried and verdict returned in favor of McCoy for the sum of $203.  The court, however, held that a recovery for $203 was not sustained by the evidence, but held

that plaintiff under the evidence was entitled to recover the sum of $159. Whereupon McCoy filed a *remittitur* for the sum of $42, and the court rendered judgment in favor of McCoy for $159. From such judgment the bank appeals upon six separate assignments of error. We will notice these in their order.

The first contention is that the court erred in not sustaining motion of plaintiff in error to strike certain allegations from the petition. Plaintiff in error cites section 5627, Comp. Laws 1909 (Rev. Laws 1910, sec. —), which requires a petition to contain a statement of the facts constituting the cause of action in ordinary, concise language and without repetition. Plaintiff in error contends that this rule is violated in that the facts in the petition are not stated in ordinary and concise language, and that it abounds in surplusage, conclusions of law and of fact, and repetition. From a careful examination of the petition, we think the facts are stated in reasonably clear and concise language. We find nothing extraordinary in the language used nor do we by any means find such an abundance of surplusage, conclusions of fact, and repetition as would justify a reversal of the judgment.

The second assignment is that the court erred in overruling the demurrer of plaintiff in error to the jurisdiction of the court. The action was instituted under sections 5197 and 5198 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3493); the same being:

"Sec. 5197. Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the state, territory, or district where the bank is located, and no more, except that where by the laws of any state a different rate is limited for banks of issue organized under state laws, the rates so limited shall be allowed for associations organized or existing in any such state under this title. When no rate is fixed by the laws of the state, or territory, or district, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum, and such interest may be taken in advance reckoning the days for which the note, bill, or other evidence of debt has to run. And the purchase, discount, or sale of a *bona fide* bill of exchange, payable

at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange as sight-drafts in addition to interest, shall not be considered as taking or receiving a greater rate of interest."

"Sec. 5198.  The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.  In case the greater rate of interest has been paid the person by whom it has been paid, or his legal representatives, may recover back, in any action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same:  Provided such action is commenced within two years from the time the usurious transaction occurred.  That suits, actions and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

It is argued by plaintiff in error that, the recovery provided for in the foregoing sections being in the nature of a penalty, the federal courts should have exclusive jurisdiction over the subject-matter, citing decisions from several states which adhere to this doctrine.  But this court in several different cases instituted under the federal National Bank Act has impliedly held that the state courts had jurisdiction.  *Merchants' & Planters' Nat. Bk. of Mill Creek v. Horton,* 27 Okla. 689, 117 Pac. 201; *First Nat. Bk. of Mill Creek v. Ellis,* 27 Okla. 699, 114 Pac. 620, Ann. Cas. 1912 C, 687; *First Nat. Bk. of Mill Creek v. Landis,* 27 Okla. 710, 113 Pac. 718.

While the question of jurisdiction of the state courts was not presented or directly passed upon in either of these cases, yet such decisions clearly recognize the jurisdiction of the state courts in such matters.  But plaintiff in error argues that section 5198 of the United States Statutes, *supra,* is susceptible of more than one construction and seems to insist that such section be construed as to what courts jurisdiction is meant to be given.  This being true, we construe such section to mean that

suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases. This is the construction given to this statute by the United States Supreme Court in *First National Bank v. Morgan*, 132 U. S. 141, 10 Sup. Ct. 37, 33 L. Ed. 282, wherein Mr. Justice Harlan, in rendering the opinion of the court, said:

"A suit against a national bank to recover back twice the amount of interest illegally taken by it is a suit to recover a penalty incurred under a law of the United States; and it may be that, if the act of 1864 had been silent as to the courts which might take cognizance of such a suit, it must, at any time before the revision took effect, have been brought in the proper court of the United States. But the acts of 1864 and 1875, authorizing certain state courts to take cognizance of suits, actions, and proceedings against national banking associations, had the effect, so far as suits for penalties incurred under the laws of the United States were concerned, to modify the provision in prior enactments that expressly excluded suits for such penalties from the cognizance of state courts. When the present action was brought, the jurisdiction of the courts of the United States of suits for penalties incurred under the national banking act for taking usurious interest was not exclusive of, but concurrent with, the jurisdiction of such state, county, or municipal courts of the county or city in which the bank was located, as had jurisdiction, under the local law, in similar cases."

Furthermore, this was the construction which Congress placed on the foregoing statute, for, under the Act of June 12, 1882, 22 St. at L. 163, section 4, c. 290, contains the following proviso:

"Provided, however, that the jurisdiction for suits hereafter brought by or against any association established under any law provided for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such na-

tional banking association may be doing business when such suits may be begun."

It follows, therefore, that the county court had jurisdiction over the subject-matter of the case at bar.

The third assignment is that the court erred in admitting any evidence over defendant's objection because the petition failed to state a cause of action. It will be observed that the section under which the action is brought provides:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest. * * * The person by whom it has been paid, or his legal representatives, may recover back in an action in the nature of an action of debt, twice the amount of the interest thus paid. * * *"

The petition very clearly, and we think with sufficient conciseness, alleges the date of the note, the face of the note, the amount of principal received on such note, and the amount of interest paid on same, attaching each note to the count to which it belongs, and alleging that the defendant bank did corruptly, knowingly, wrongfully, and illegally charge, take, reserve, and receive from plaintiff the amount of interest so usuriously charged. These facts in our judgment were sufficient to constitute a cause of action under the above statute.

Assignments 4 and 5 are presented together and relate to the giving of certain instructions by the court and the refusal to give certain instructions requested by defendant. The instructions complained of are paragraphs 3 and 4 of the court's charge, which are as follows:

"(3) The burden of proof is on plaintiff to make out his case by a fair preponderance of the evidence.

"(4) In this state a bank is not permitted under the law to knowingly collect a greater rate of interest than ten per cent. per annum for the loan or use of money, and, in case a greater rate of interest has been knowingly charged by a bank, the person from whom same is collected is entitled to recover double the amount of interest so paid from the bank so knowingly collecting same, by suit brought within two years after the said collection."

We are unable to see wherein the law is so misstated in the foregoing paragraphs of the court's charge as to justify a reversal of the judgment. True, it is held by the United States Supreme Court in *Wheeler v. Union Nat. Bk.*, 96 U. S. 270, 24 L. Ed. 834, in an opinion by Mr. Justice Harlan:

"The statute should be liberally construed to effect the ends for which it was passed; but a forfeiture under its provisions should not be declared unless the facts upon which it must rest are clearly established. It should appear affirmatively that the bank knowingly received or reserved an amount in excess of the statutory rate of interest. * * *"

Now, inasmuch as the plaintiff paid more interest than the law authorized to be charged, and the bank received such amount, and the amount thus paid is not denied, and the same being true in reference to the interest paid on each note, and there being no contention that any mistake or unintentional error in collection was made, under the universal rule of law, the bank is presumed to know what the law was and to have intended to do what it did. This, we think, meets every requirement in *Wheeler v. Union National Bank, supra.*

The instructions requested by plaintiff in error, so far as they correctly state the law, were substantially given in the court's charge. Hence it was not error to refuse them. *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193; *McMaster v. Bank,* 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Ellet-Kendall Shoe Co. v. Ross,* 28 Okla. 697, 115 Pac. 892.

The sixth assignment is error in overruling motion for new trial. The matters therein presented were included within the propositions heretofore determined.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.