# FIRST NAT. BANK OF WELLSTON v. SENSEBAUGH.

### No. 5939.  Opinion Filed October 10, 1916.

### (160 Pac. 455.)

1. **USURY—Recovery of Usury Paid—Action—Parties.**  Where a note containing usurious interest is transferred and indorsed to a third party by the nominal payee, and the borrower pays the note in full to such third party, his right of action to recover double the amount of interest paid, as provided by section 5198, Rev. St. U. S. (U. S. Comp. St. 1913, sec. 9759), is against the party who took and received such interest, and the payee is not a necessary party defendant.

2. **SAME—Pleading.**  In an action to recover twice the amount of interest paid on a usurious note, where a copy of the note is attached to the petition, and the date thereof, amount of interest charged. and consideration both on its face and in fact are shown, and it is further alleged that the interest charged was in excess of the legal rate, and that the defendant well knew that said interest charged was in excess of the legal rate, and that defendant well knew that said interest so charged by defendant and paid by plaintiff was corrupt and unlawful, notwithstanding which defendant knowingly and unlawfully received the same of the plaintiff, a cause of action is sufficiently stated, as against a demurrer thereto.

3. **APPEAL AND ERROR—Harmless Error—Recovery of Usury Paid—Instruction.**  The trial court did not err in refusing to give an instruction that the action was controlled by the federal statute, and not by the laws of the State of Oklahoma, relating to usury, where the requirements of the federal statute, applicable to the issues, were fully and correctly given in the instructions.

(Syllabus by the Court.)

*Error from County Court, Lincoln County;*
*H. M. Jarrett, Judge.*

Action by J. M. Sensebaugh against the First National Bank of Wellston.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Ira E. Billingslea,* for plaintiff in error.

*W. L. Johnson* and *S. A. Cordell,* for defendant in error.

SHARP, J.   Plaintiff's action was to recover the statutory penalty for usury alleged to have been collected from him by defendant, on a promissory note in the sum of $233.75, dated December 15, 1911, and due October 15, 1912.   J. M. Rhodes, named as the payee in the note, indorsed the note to the defendant subsequent to its execution.   It seems, however, that the loan was made to plaintiff by defendant, and that Rhodes was only nominal payee. In consideration of the execution of said note, plaintiff received $198, and the difference between this sum and the face of the note leaves the amount of interest paid, namely $35.75.   Additional interest in the sum of $2.45 was paid by the plaintiff to defendant, the note being paid in full November 14, 1912.   Thus we have the total amount of interest paid by plaintiff as $38.20, and plaintiff by his action seeks to recover double this sum, or $76.40, as provided by section 5198, U. S. Rev. Stat. (U. S. Comp. Stat. 1913, sec. 9759).   To plaintiff's petition defendant demurred, and, the same being overruled, filed its answer, denying generally the allegations of the petition, other than that the defendant was a banking corporation organized and existing under and by virtue of the laws of the United States of America pertaining to national banks.

At the time plaintiff filed his action he made both J. M. Rhodes and the First National Bank of Wellston defendants; but subsequently,- on motion of plaintiff, the action was dismissed as to Rhodes.   It is now urged that Rhodes, being the payee named in the note, was a necessary party to the action, and that the court erred in dismissing as to him.   While a part of the note was paid by plaintiff to Rhodes, it was with the understanding that it would be

by him paid to the bank, and this in fact was done, so that we find that plaintiff nowhere claimed that Rhodes received any of the usurious interest. In *Anderson v. Tatro,* 44 Okla. 219, 144 Pac. 360, we held that where the payee indorsed the usurious note, and the indorsee alone took and received the usurious interest, such indorsee was alone liable for the penalty, citing *Webb v. Galveston & H. Inv. Co.,* 32 Tex. Civ. App. 515, 75 S. W. 355, and *Western Bank & Trust Co. v. Ogden,* 42 Tex. Civ. App. 465, 93 S. W. 1102. While the above case was an action under the usury provision of the Oklahoma Constitution, yet, the federal act being very similar thereto, the opinion furnishes a controlling authority for our conclusion that Rhodes was an unnecessary party. See, also, *Schlesinger v. Lehmaier,* 117 App. Div. 428, 102 N. Y. Supp. 630; *Snyder v. Crutcher,* 137 Mo. App. 124, 118 S. W. 489.

The next question was raised by defendant's demurrer, and is whether plaintiff by his amended petition sufficiently stated a cause of action. The petition set out the note, showed its date, amount, consideration on its face and in fact, the amount of interest paid to defendant, and that such interest was in excess of the legal rate, and alleged:

"That the defendants and each of them, well knew that said interest so charged by defendants and paid by plaintiff was in excess of the rate allowed by law, and that said contract was corrupt and unlawful, notwithstanding which the defendants knowingly, corruptly, and unlawfully received the same of the plaintiff as aforesaid."

We have heretofore held that, where such facts are alleged in plaintiff's petition, they sufficiently state a cause of action. *First Nat. Bank of Mill Creek v. Langston,* 32 Okla. 795, 124 Pac. 308; *Farmers' Nat. Bank of Wewoka v. McCoy,* 42 Okla. 420, 141 Pac. 792. Plaintiff's evidence

stands uncontradicted, and sufficiently supports the petition, so that there was no error in the action of the court in overruling defendant's demurrer thereto.

Finally, it is urged that the trial court erred in refusing to give an instruction to the effect that the action was controlled by the federal act, and not by the laws of the State of Oklahoma, relating to usury. In the abstract this is correct (*Pauls Valley Nat. Bank v. Mitchell*, 55 Okla. 170, 154 Pac. 1188) ; but in the instructions given we find that the requirements of the federal act, in order for plaintiff to prevail, were fully set out, and we cannot understand where any prejudice would result to defendant from the refusal of the court to denominate such requirements a part of the federal statute, especially in view of the fact that the two laws are so nearly identical. It is not required that the court in its instructions shall state either the source of the applicatory law, the jurisdiction, whether state or federal, from which obtained, or its history. It is important only that the law governing the case be correctly given and be applicable to the issues in controversy.

There being no error in the record, the judgment is affirmed.

All the Justices concur, except KANE, C. J., absent and not participating.