## RUBY v. WARRIOR.

No. 9147—Opinion Filed Oct. 1, 1918.

(175 Pac. 355.)

(Syllabus.)

1. Usury—Action for Penalty—Sufficiency of Petition.

In an action to recover twice the amount of interest paid on usurious promissory notes, where the petition states the amount of the indebtedness for which the promissory notes were given, the date of the promissory notes, the amount paid by the maker thereof in discharge of the debt and the date of the payment, and it is further alleged that the interest charged against the maker and paid by him was in excess of the legal rate, and that demand was made for the return of such usury and refused, a cause of action is sufficiently stated as against a general demurrer thereto.

2. Usury—Usurious Transaction—Obligation in Excess of Indebtedness.

Where a creditor takes his debtor's obligations for a larger sum than the existing indebtedness of the debtor added to money loaned to him at the time the obligation is taken, with lawful interest thereon, in the absence of a satisfactory explanation by the creditor for so doing, the party may properly find the transaction to be usurious.

3. Usury—Default of Mortgage—Settlement—Penalty.

Where a mortgage given to secure the payment of promissory notes provides that if the debtor defaults in the payment of any part of the debt, principal or interest, when it becomes due, the creditor may, at his option and without notice, declare the whole amount thereby secured due and payable, and where the debtor defaults in the payment of interest, and the creditor thereupon exercises his option, and declares the whole amount of principal and interest secured to be due and payable, and where in settlement of such obligation the debtor pays, and the creditor collects, both earned and unearned interest, which amount to

more than the legal rate on the principal debt up to the time of such payment, the creditor by so doing renders himself liable for the penalty provided by section 1005, Rev. Laws 1910, for taking, receiving, reserving, or charging a rate of interest greater than is allowed by law.

### 4. Usury—Usurious Note—Inclusion in Subsequent Notes.

Where a usurious promissory note was renewed by the execution and delivery of other notes, the usury in the first transaction is included in the subsequent ones; and where the debtor pays the renewal notes he is entitled to recover from the person receiving the same twice the amount of the interest so paid by him, including the interest carried by the first note into the renewal notes; and this is true even though the first usurious notes was executed and delivered prior to the passage of section 1005, Rev. Laws 1910, under the law in force at the time of its execution, which rendered it void because of usury.

### 5. Appeal and Error—Case-Made—Observations of Trial Judge.

Where, at the conclusion of a trial had before the court without a jury, the court orally makes general observations as to the law and facts involved in the case, and where no special findings of fact and conclusions of law are asked for, and where the findings and judgment of the court are embodied in journal entries, the general oral observations of the court perform no office in a case-made. and cannot be considered by this court on appeal from a judgment of the trial court for the purpose of impeaching such judgment.

### 6. Appeal and Error—Review—Theory of Case Below.

A party to an action, having presented his case or defense to the trial court upon a certain and definite theory, is bound thereby on appeal to this court.

### 7. Sufficiency of Evidence—Attorney's Fee.

The evidence in this case examined, and held reasonably tending to support the judgment of the trial court.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by William Warrior against G. R. Ruby. General demurrer to petition and objection to introduction of any evidence overruled, and defendant brings error, and takes a supplemental petition in error. Affirmed on both original and on supplemental and amended appeals.

B. B. Blakeney, J. H. Maxey, and Christy Russell, for plaintiff in error.

William Neff, L. E. Neff, and John T. Cooper, for defendant in error.

TISINGER, J. Defendant in error, as plaintiff, began this action against the plaintiff in error, as defendant, to recover the statutory penalty for usury alleged to have been collected from him by the defendant on promissory notes. The amended petition alleges in substance that the plaintiff executed to the defendant his promissory note for $1,000, dated July 19, 1911, due seven years after date, and 14 interest coupon notes for $30 each, maturing semiannually, commencing with the following January, and 14 additional interest notes for $20 each, maturing semiannually, all of which were secured by real estate mortgages; that said notes were given for an actual loan and prior indebtedness of about $800 and to cover $200 usurious interest, and that plaintiff agreed to pay interest on said loan in excess of 10 per cent. per annum; that on or about September 29, 1914, plaintiff paid defendant, on account of said loan $1,603, of which $50 was claimed for attorney's fees, and the balance was claimed and paid as principal and interest of said loan; that the interest so paid was in excess of $750, and far in excess of 10 per cent. per annum; that plaintiff had duly made written demand upon the defendant for the return of the usury so paid, but that the defendant refused to return said usury or any part thereof, etc. On these allegations plaintiff prayed for judgment against the defendant for the sum of $1,500, and all costs, including a reasonable attorney's fee of not less than $400.

Defendant challenged the sufficiency of this petition by general demurrer, and by interposing an objection to the introduction of any evidence thereunder on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled both the demurrer and the objection, and these rulings are assigned as error.

We think the petition is good as against a general demurrer or objection to the introduction of evidence. While not as full and explicit as it might be, it showed the amount of the principal debt and the amount and date of the promissory note given there for; the amounts of the several interest notes, their dates, and the dates of the maturity of all the notes; also the amount paid by plaintiff to defendant in discharge of these obligations, the date of the payment, and alleges that the interest paid by him was in excess of $750, and far in excess of the legal contract rate.

It is a well-settled rule in this jurisdiction that the allegations of a petition challenged by a general demurrer or objection to the introduction of evidence, based upon the insufficiency of the petition, must be

construed liberally in favor of the pleader. Blasdel v. Gower, 70 Okla. 178, 173 Pac. 644; Henry v. Gulf Coast Drilling Co., 56 Okla. 604, 156 Pac. 321. The allegations in plaintiff's petition were sufficient to appraise defendant of the full name and amount of plaintiff's claim. It stated the amount of the loan and its date, the amount paid in discharge of the loan, and the date of the payment. By a simple mathematical calculation it could easily be determined whether the amount paid was in excess of the principal debt, with the highest legal contract rate of interest added thereto, and how much it exceeded it. The allegations of fact in the petition were, in our opinion, sufficient to withstand a general demurrer or objection to the introduction of evidence. Farmers' National Bank of Wewoka v. McCoy, 42 Okla. 430, 141 Pac. 792, Ann. Cas. 1916D, 1243; First National Bank v. Sensebaugh, 58 Okla. 462, 160 Pac. 455; National Bank of Mill Creek v. Langston, 32 Okla. 795, 124 Pac. 308.

Counsel for defendant have summarized in their brief the many assignments of error under seven general propositions, the first of which we have just disposed of. Some of the other six propositions are merely statements of abstract principles of law, which, whether they be sound or unsound, can have no application to the case under consideration.

Counsel have in their brief submitted lengthy and logical arguments in support of these propositions, and have cited many authorities to support them; but we do not consider it the duty of this court to consider and determine abstruse, theoretical questions, though they may be plausibly stated and skillfully and learnedly argued. The only concern of this court is to correctly decide the instant case, and, by applying the rules of law to the pleadings, the evidence, and the rulings and instructions of the court, determine whether or not such error has been committed as resulted in a miscarriage of justice, or constituted a substantial violation of a constitutional or statutory right. Revised Laws 1910, § 6005.

That plaintiff's evidence was to the effect that on or about July 19, 1911, he executed to the defendant his promissory note for $1,000, due seven years after date, and 14 interest coupon notes for $30 each, maturing semiannually, all of which were secured by real estate mortgages; that these notes were given in settlement of a prior indebtedness and money borrowed at the time, not exceeding $800 in the aggregate, and that the $200 added was usurious interest exacted by the defendant; that on September 1, 1914, the plaintiff having defaulted in the payment of the interest on the $1,000 note, and defendant having elected to declare the whole amount of principal and interest due, and having placed the notes and mortgages with his attorney for the purpose of having him foreclose the mortgages and collect the notes, plaintiff paid to defendant's attorney in settlement of same the sum of $1,603, which included $50 attorney's fee charged by the attorney for his services; that the remaining $1,553 was paid by the attorney to the defendant.

It will thus be readily seen, if the evidence of the plaintiff is to be accepted as true, that the defendant demanded and plaintiff paid $753 for the use of not exceeding $800 for 3 years, 1 month, and 11 days. It might be well to say in this connection that the plaintiff is the only party to the loan transaction who testified in the case. The defendant was present at the trial, but aside from the introduction of some canceled checks which appeared to have been given by him to the plaintiff and collected by the plaintiff, and some letters written to him by the plaintiff, made no effort to explain or deny the positive testimony of plaintiff that the $800 note was given in 1907 for a total indebtedness of considerably less than $800, that interest on the $800 note had been paid by him up to the time that the $1,000 note was given in 1911 in renewal of it, and that $200 or more was added to and included in the $1,000 note without plaintiff receiving any benefit from it. And the canceled checks and letters did not materially conflict with plaintiff's testimony; for the letters contain only plaintiff's excuses for his delay in making payment, requests for indulgence, and promise to pay in the future. And the amount of canceled checks, when added to the items which plaintiff testified were included in the transactions, makes the total amount due by him to defendant at the time the $1,000 note was given on July 19, 1911, less than $800. The fact that the lender took the borrower's obligations for a larger sum than the amount of previous indebtedness added to money loaned, with lawful interest thereon, is sufficient, in the absence of satisfactory explanation, to justify the jury in finding the loan to be usurious. Holmen v. Rugland, 46 Minn. 400, 49 N. W. 189.

We are aware of the general rule that the burden of proving usury is upon the party setting it up, and that it must be proved by a clear and satisfactory preponderance of the evidence. But when the party claiming that usury was paid testified that the

one to whom it was paid took his obligation for a larger sum than the amount he was due him, with lawful interest thereon, and further testified as to what amounts were included, in the obligation, it is certainly incumbent on the person who took the obligation and to whom it was paid to explain why this was done or deny that it was done, and, in the absence of such explanation or denial, the jury may justly conclude that the transaction was usurious.

The evidence in this case shows that the $1,000 promissory note dated July 19. 1911, was secured by a real estate mortgage; that the note drew 6 per cent. interest from its date, as evidenced by 14 interest coupon notes for $30 each, payable semiannually, drawing interest after maturity at 10 per cent. per annum, the principal note becoming due on the 1st day of August, 1918. At the same time 14 other promissory notes for $20 each, maturing in 14 semiannual periods from August 1, 1911, and bearing interest at 10 per cent. per annum after maturity, were executed as a part of the same transaction. These notes were likewise secured by a real estate mortgage. Each of these mortgages provided that the whole sum secured should at once become due and payable, at the option of the holder, should the maker fail or refuse to pay the principal indebtedness, or any interest when it became due.

Plaintiff having defaulted in the payment of the interest, defendant, in the exercise of his option, declared the whole amount secured by the mortgages due, and placed the notes and mortgages in the hands of his attorney for the purpose of having him collect the notes and foreclose the mortgages, should foreclosure be necessary. Plaintiff discharged the obligations before any legal action was taken, by paying the attorney $1,603, which included $50 attorney's fee. The amount due at the time payment was made was arrived at, according to the testimony of the attorney, in the following way: To each of the coupon notes attached to the $1,000 note he added interest at 10 per cent. per annum after their maturity and until the time of payment, and to this sum he added the 14 $20 notes secured by the second mortgage, with interest thereon at 10 per cent. per annum from the time of the default in the payment of the first one. While the 14 $20 notes and the mortgage given to secure their payment are denominated "commission notes and mortgage" by the attorney who testified, we presume that this term was used for the purpose of distinguishing them from the larger $1,000 note and mortgage.

The defendant was certainly not entitled to charge a commission for negotiating a loan with himself, and it is evident that it was intended as compensation to him by the defendant for the use of money. It is equally evident that the sum exacted of the plaintiff in settlement of these obligations was usurious. While the defendant had the right, in the exercise of the option given him by the contracts, to accelerate the maturity of the debt, he did not have the right to collect the interest notes which were not yet due. When the principal debt and the interest which had accrued up to the time payment was made were paid, the remaining undue interest notes, notwithstanding the fact that they are called "commission notes," were thereby discharged. And exacting payment of these undue notes gave to the transaction the taint of usury.

In the case of Garland v. Union Trust Co., 63 Okla. 243, 165 Pac. 197, Justice Turner, speaking for the court, uses the following language:

"We do not mean to intimate that plaintiff, had it sued therefor, which it did not, was entitled to recover in this action on the interest coupons not due at the time the trustee accelerated the maturity of the principal debt and foreclosed therefor. On the contrary, on this point we mean to say that recovery upon those coupons could not be had for the reason that the moment the principal debt and interest accrued up to the time to which the maturity of the debt was accelerated are paid, the remaining undue interest coupons are discharged. This is in keeping with authority (citing Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; R. R. Co. v' Mercantile Trust Co., 94 Ga. 306, 21 S. E. 701; Goodale v. Wallace, supra, 19 S. D. 405. 103 N. W. 651. 117 Am. St. Rep. 962, 9 Ann. Cas. 545; Moore v. Cameron, 93 N. C. 51) * * *

"We said just now that plantiff was not entitled to recover for the remaining interest coupons not due at the time the trustee declared the principal debt due and foreclosed therefor. * * * For the same reason, contrary to the holding of the court, plaintiff is not entitled to recover on its second mortgage of $2,750; for like the undue coupons, having been executed to secure the payment of interest charged and unearned at the time of the acceleration of the maturity of the debt, it also was discharged."

It is contended by the defendant that the $1,000 note was given for money borrowed from him to pay an $800 note due by plaintiff to a third party, J. C. Ruby, and that, even though the $800 note was usurious, the latter transaction was not tainted with the usury in the first transaction. And that this is true, even though the defendant knew at

the time he made the loan that it was to be applied to the payment of the usurious debt.

Conceding that this is a correct statement of the law, it can have no application to the instant case, for the reason that the case was tried in the lower court all the way through on the theory that the $800 loan was in fact the loan of the defendant, G. R. Ruby. Counsel for the defendant in his opening statement to the jury said that the defendant was not claiming any advantage from the fact that the loan was made by the defendant's brother, and the court in its instructions to the jury stated that it was admitted by the parties that there was a first mortgage made by the plaintiff to the defendant for $800, and defendant did not except to the instruction. Counsel will not, under the repeated rulings of this court, be now permitted to change front and have issues determined by this court on an entirely different theory from that presented to the trial court. Brisley v. Mahaffey, 64 Okla. 319, 167 Pac. 984; Board of Commissioners of Pottawatomie Co. v. Henderson, 66 Okla. 282, 168 Pac. 1007; Shawnee Nat. Bank v. Pool, 66 Okla. 145, 167 Pac. 994; Gunn v. Jones, 66 Okla. 321, 169 Pac. 895.

Another contention of counsel for the defendant, which they argue in their brief at great length and with much ingenuity, is to this effect: If the $800 note executed in 1907 was usurious under the law of the Indian Territory, where the transaction took place, it was void, and, being void at the time of its execution, it was void in July, 1911, when the $1,000 note was executed in renewal of it; that the plaintiff could not have been compelled to include the void $800 note in the $1,000 note, and that he did not include it as compensation for the use, forbearance, or detention of that sum, for the reason that the $800 note, if usurious, was absolutely void; and that by paying the $1,603 in settlement of the $1,000 note he could not thereby subject the defendant to the penalty prescribed by section 1005, Rev. Laws 1910, for any usury that might have been contained in the $800 note. In other words, that the defendant could not by paying usurious interest on a void contract, afterwards maintain an action to recover twice the amount of the interest so paid.

While this contention is subtle, it is not sound. Plaintiff did not pay the $800 note when he executed the $1,000 note. He merely made a new contract to pay it, and whatever usury was contained in the $800 note was paid by him only when he paid the renewal note of $1,000.

In Callaham v. Thurmond, 69 Okla. 315, 172 Pac. 798, this court says:

"When a usurious transaction was kept alive by the execution and delivery of renewal notes after Revised Laws 1910, § 1005, went into effect, the statute was applicable."

And in the body of the opinion:

"While the original indebtedness was created in 1908, the subsequent renewals, by the execution of new notes, were not payments within contemplation of law, but extended all usury charged into the new obligations. See Anderson v. Tatro, 44 Okla. 219, 144 Pac. 360; Bank of Tuttle v. Gordon, 63 Okla. 47, 161 Pac. 1081; Bank v. Sensebaugh, 58 Okla. 462, 160 Pac. 455."

In First National Bank v. Hutton, 64 Okla. 198, 166 Pac. 726, this court, in a per curiam opinion on the rehearing of the case, said:

"It is asserted by the defendants in error in their petition for rehearing filed herein that section 1005, Rev. Laws 1910, has no application to the remedy or to their rights in the instant case, inasmuch as the indebtedness involved was created prior to the adoption of the Constitution and prior to the enactment of section 1005, Rev. Laws 1910. It would seem that this court in the case of Walker v. Daharsh et al. [52 Okla. 766], 153 Pac. 880, has decided this question adversely to such contention. The syllabus of that case reads: 'An usurious contract was entered into prior to the passage of section 1005, Rev. Laws 1910. Subsequent to the adoption of that section the debt was renewed, and the usurious interest was carried into the renewal note. Held, that the defendant was entitled to a forfeiture of twice the amount of usurious interest which the note carried with it or which was agreed to be paid thereon.'

"The record shows that the usurious contract in the instant case was entered into prior to the enactment of section 1005, but a part of the debt evidenced by the contract was carried forward and included in the note in suit, which bears date of July 1, 1910, subsequent to the time of the taking effect of section 1005. Therefore Walker v. Daharsh et al., supra, is controlling, and section 1005 is applicable to the instant case."

The instructions of the court in the instant case were most favorable to the defendant, and the evidence was sufficient to authorize the verdict of the jury.

On the 5th day of March, 1917, the day defendant's motion for new trial was overruled by the court, the plaintiff filed the following motion:

"Comes now said plaintiff, and moves the court to fix $500 as a reasonable attorney's fee to be allowed by the court and to tax the same as part of the costs in the case."

This motion came on to be heard on March

12th, and the court, after hearing evidence, fixed the amount of attorney's fees at $300, and directed that the same be taxed as part of the cost. The defendant filed a motion for new trial on this branch of the case, and, the court having overruled the sale he appeals to this court by a supplemental petition in error and case-made.

The plaintiff, having recovered the penalty prescribed by section 1005, Rev. Laws 1910, was entitled by section 1006 to recover as part of his costs a judgment against the defendant for a reasonable attorney's fee, to be fixed by the court.

The defendant contends, however, that the court erred in fixing the amount for the reason that the amount of the fee was based on the possibility of an appeal of the case to the Supreme Court and that a larger fee was allowed because of that contingency. At the conclusion of the testimony on the motion for the allowance of fees the court made some general observations concerning the testimony of the witnesses as to the amount of the fees, all of whom testified that $500 was a reasonable fee, and his own experience as an attorney in fixing fees. Toward the conclusion of these observations he said:

"I feel that the fee ought not to be made above $300, and if you will assure me that you will not carry this case any further I will not make it so high."

While these oral obligations of the court in passing upon the motion for new trial are incorporated in the case-made, they form no part of the record proper, and cannot be considered by us for the purpose of impeaching the finding and judgment of the trial court as shown by the journal entry of the judgment fixing the amount of attorney's fee, and taxing same as part of the costs in the case, and the journal entry of judgment overruling defendant's motion for new trial. They perform no office in the case-made, and are no more available for the purpose of impeaching the finding and judgment of the trial court than the declaration of jurors would be for the purpose of impeaching their verdict.

In the case of Guss v. Nelson, 14 Okla. 296, 78 Pac. 170, the territorial Supreme Court said:

"Where, at the conclusion of a trial had before the court without a jury, the court orally reviews the evidence, and expresses its opinions upon the law and the facts involved in the case, and where there are no special findings of fact and conclusions of law asked for, and where the findings and judgment of the court are embodied in a journal entry, the oral opinion expressed by the court performs no office in a case-made, and cannot be considered by this court on appeal from a judgment of the trial court."

Gates v. Settlers, etc., Reservoir Co., 19 Okla. 83, 91 Pac. 856; James v. Coleman, 64 Okla. 99, 166 Pac. 210. See, also, Holt v. Spicer, 65 Okla. 17, 162 Pac. 686.

The finding and judgment of the trial court fixing $300 as a reasonable attorney's fee for the use and benefit of the attorneys for the plaintiff was supported by competent legal evidence and we see no good reason why it should be disturbed.

For the reasons herein stated the judgment of the trial court is affirmed in both the original appeal and in the supplemental or amended appeal.

All the Justices concur.